NELSON *et al. v.* SOLOMON *et al.*

LEWIS, J.    1. It was, at the hearing of an application for an interlocutory injunction, not erroneous to rule out evidence in the form of affidavits as to the contents of written petitions, the petitions themselves being higher and better evidence.

2. When upon such a hearing the controlling question at issue was whether or not a majority of the members of a church had duly consented to a sale of its property, a paper signed by some of the members, but not verified by their affidavits, stating that they had never assented to a sale of the property to a particular class of persons, was properly rejected.    Such paper was inadmissible, both because it was irrelevant, and because it was not sworn testimony.

3. When in a deed conveying a described lot and building to an organized church of the Baptist denomination it is declared that " the intention of this conveyance is to restrict the use of said lot and building to use of a place of worship for the Baptist denomination," and also that " in case a majority of the members should wish to sell this property and buy and build in another place, they have the right,"    *Held,* (1) that a compliance with the terms of the conveyance is essential to a lawful sale of the property by the church to which the same was thus conveyed ; (2) that, in such case, the proper method of ascertaining the will of the majority of the members of the church is that prescribed in its charter or by-laws with reference to the transaction of its secular business; and (3) that when such church, in a conference held in pursuance of its charter and by-laws, by a majority vote determines to sell such property, this action is to be taken as an expression of the wish of the majority of the members of the church with respect to this matter.

4. In view of the evidence disclosed by the record in the present case, and of the rules of law as above announced, there was no abuse of discretion in denying the injunction.        *Judgment affirmed.    All the Justices concurring.*

Argued July 27, — Decided November 29, 1900.

Petition for injunction.    Before Judge Lumpkin.    Fulton superior court.    June 29, 1900.

*William T. Moyers* and *John C. Reed,* for plaintiffs.
*King & Anderson* and *Lewis W. Thomas,* for defendants.