### 36713. SPENCE v. THE STATE.

CARLISLE, J. 1. Where, on appeal from the trial court's overruling the defendant's motion for new trial, based on the usual general grounds and one special ground, following the defendant's conviction for driving under the influence of intoxicants, counsel for the defendant admits that there is sufficient evidence to authorize the defendant's conviction and in his brief in this court expressly abandons the general grounds, no consideration will be given such grounds by this court. Code § 6-1308.

2. Questions which are neither raised nor passed on in the trial court, but are raised for the first time in the brief of counsel for the plaintiff in error, will not be considered by the appellate courts of this State. *Patterson* v. *Bank of Alapaha*, 148 *Ga.* 356, 357 (96 S. E. 863); *Woodall* v. *State*, 25 *Ga. App.* 8, 10 (102 S. E. 913).

3. Where, in such a case as indicated above, an arrest ticket containing the following information: "Georgia State Patrol, Time, 3:40 p. m., date, November 11, 1956, Weather, clear, print name, Melvin Spence, address, Box 963, City, Athens, State, Georgia. Race, white, sex, male, birth date, 8-5-21, drivers license No., 1590128, make of vehicle, Ford, year model, 1949, vehicle license, H/L 7120, State, Georgia, year, 1956, vehicle owned by driver. Violation, arrest, accident, no, driving u. i., remarks: Check, found as checked, admitted drinking quart of beer. Location, one mile East of Athens on County Road released to Huff, Athens, Clarke County, Georgia. Signed, Ferguson, No. 307, Burch Weber, 270, Station No. 32, Division D," is allowed in evidence and to go to the jury with the other papers in the case over the objection that the ticket was not evidence, was prejudicial, and was of no probative value—(a) The admission of the arrest ticket in evidence, over the objection that it had no probative value, was clearly error. At most, it proved nothing except its own contents, and the contents of the arrest ticket were not in issue and were therefore irrelevant. Not being sworn to, and having no probative value, it was inadmissible. *Nelson* v. *Solomon*, 112 *Ga.* 188 (2) (37 S. E. 404). (b) The arrest ticket having been admitted in evidence, it was further error to allow it to go to the jury room. The facts in the arrest ticket which were testified to on the stand by the officer making the ticket would have no place in the jury room because to allow them to be before the jury in the form of a written memorandum when all the other testimony in the case was oral would put the memorandum in the form of a "third witness" present with the jury in the jury room, thus lending undue emphasis to that part of the testimony. See *Royals* v. *State*, 208 *Ga.* 78 (65 S. E. 2d 158), where it was held error to allow depositions properly in evidence to go to the jury room, and *Strickland* v. *State*, 167 *Ga.* 452 (145 S. E. 879), where it was held error to allow a dying declaration signed by the

deceased and which had been read in evidence, to go to the jury room. (c) As to that part of the arrest ticket to which the officer did not testify while he was on the stand, it was of course hearsay, unsworn, not evidence, and completely irrelevant. See *Supreme Council of Royal Arcanum* v. *Quarles*, 23 *Ga. App.* 104 (2) (97 S. E. 557). That its admission was reversible error because prejudicial to the defendant cannot be doubted, for the arrest ticket contains the statement: "Check, found as checked, admits drinking quart of beer." The defendant denied in his statement to the jury that he had been drinking at all, and the witness who wrote out the arrest ticket failed to testify that the defendant had admitted drinking any quantity of beer nor did any other witness testify to such an admission. The jury, finding this statement in the arrest ticket which they had with them while deliberating their verdict, might well have considered it as evidence of an admission of guilt by the defendant and predicated their verdict thereon. The danger in allowing such illegal evidence to come before juries is extreme, and this case clearly requires reversal.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 7, 1957.

*Guy B. Scott, Jr.*, for plaintiff in error.
*Preston M. Almand, Solicitor*, contra.