41845, 41846, 41847. CAIN v. THE STATE (three cases).

478

ARGUED MARCH 8, 1966—DECIDED APRIL 11, 1966.

*Gene Reeves, Quillian & Quillian, Alfred A. Quillian,* for appellant.

*W. B. Huff, Solicitor,* for appellee.

DEEN, Judge. ■ By the provisions of *Code* § 58-612 it is a felony to "knowingly furnish . . . any minor . . . malt liquors, without first obtaining written authority from the parent or guardian." Under *Code* § 58-1061 it is a misdemeanor to "fur-

nish alcoholic . . . beverages to any minor." Beer is both a malt liquor and an alcoholic beverage. The accusation in this case was apparently drawn under *Code* § 58-612 since it included the language "without first securing the written authority of the parent and guardian" of the named minor. The Criminal Court of Gwinnett County, where the case was tried, is, however, a court with no jurisdiction of offenses above the grade of misdemeanor. Ga. L. 1965, p. 2810. A motion in arrest of judgment was made on the ground that, as to Case No. 41846, the accusation showed on its face that the court was without jurisdiction. We agree that the accusation as drawn charged a felony offense. These two Code sections are so contradictory that a proper objection to either might be sustainable; in any event, however, the language pertaining to lack of written authority cannot be treated as surplusage under the test outlined in *Henley v. State*, 59 Ga. App. 595, 597 (2 SE2d 139), which is: "Do the words in question negative the crime intended to be charged?" In that case "if the words were stricken from the indictment the indictment would still be good, but we can not truly say that these words are surplusage and need not be proved, for if we treat them as surplusage, we change the kind of crime charged in the indictment from a particular crime to another crime more general in nature, and it would be unjust to the defendant to say that such words are so inconsequential as to become immaterial." The offense was charged in the language of the felony statute, over which the court had no jurisdiction, and it would be unjust to the defendant, by deleting them, to try him for another and more general crime. The court erred in overruling the motion in arrest.

■ A witness for the State testified that he and another officer found two youths, both minors, drinking beer in an automobile, that the boys were interrogated and that both identified the defendant as the person from whom the beer had been purchased. Upon the trial of the case one of the youths testified to these facts; the other denied that they had purchased that or any other beer from the defendant. The officer also stated that this witness had testified to the same facts before a justice of the peace who had then issued a search warrant by virtue of which

they went directly to the defendant's premises. On the road leading to his house they stopped an unidentified car and ascertained that the occupants had a cold six-pack of beer. They then searched the defendant's premises and found 13 or 14 cold six-packs in the garage. Objection was made prior to this last testimony on the ground that evidence of the result of a search would not be admissible until the State first showed a valid search warrant, and that no search warrant had been introduced in evidence. This is in effect an objection that the existence and validity of the search warrant had not been shown by the best evidence, and that, until such showing, evidence of the result of the search was inadmissible. The objection was well taken and the court erred in overruling it and permitting parol testimony of the contents of the warrant. Code § 38-203; *Powell v. State*, 179 Ga. 401, 410 (176 SE 29); *Sherman v. State*, 2 Ga. App. 148 (2) (58 SE 393). However, the defendant later elected to be examined on oath and on direct examination testified that he had beer on the premises, some of which belonged to him and some to persons who were there to help him on the Sunday in question. The error in failing to require production of the warrant was harmless, since its only effect was to establish a state of facts the defendant admitted to be true. *Steinhauer Wright v. Adair*, 20 Ga. App. 733 (4) (93 SE 280); *Battle v. Braswell*, 107 Ga. 128 (1) (32 SE 838). As Judge Quillian said in *Thomas v. State*, 95 Ga. App. 699 (99 SE2d 242): "A party cannot complain that evidence is admitted when he offers other evidence of similar legal import." Since the possession of beer is not illegal, the only result of the evidence obtained by the search was corroborative of the testimony of the principal witness that he had in fact purchased beer from the defendant that afternoon by showing there was beer on the premises. This being admitted by the defendant, the first two enumerations of error which attack the validity of the warrant and the error in offering secondary evidence are without merit.

■ Objection was offered to the deputy sheriff's testimony that he stopped an automobile "leading into Mr. Cain's house and garage" as they went to execute the search warrant, that it was ascertained the occupants had a six-pack of cold beer, and

that they did not detain them. The testimony did not on its face establish an unlawful search, but in any event the defendant, who makes no claim to ownership or possession of the automobile searched, has no status to complain. Goldberg v. U. S., 297 F 98.

■ Dennis Coggins, one of the minors involved, had previously signed a statement to the effect that the defendant had sold him beer, but denied this state of facts on the witness stand. The attorney for the State then stated in his place that he had been entrapped by the witness and that the statement had been made to the solicitor's office, upon which the court allowed him, over objection, to cross examine and ask leading questions as to the contents of the statement. While the general rule is that a party cannot show entrapment unless the witness has made the contradictory statement to him or for the purpose of being communicated to him, an exception exists where the statement is made to a law enforcement agent and by him turned over to the persons conducting the trial on behalf of the State. *Sparks v. State*, 209 Ga. 250 (2) (71 SE2d 608). No error is shown here.

■ The papers comprising the accusation in this case, and which went out to the jury room were (a) the affidavit of Troy Geerson, a police officer, made for the purpose of obtaining a warrant of arrest; (b) the warrant of arrest; (c) the accusation signed by the solicitor charging the defendant with a misdemeanor (differing in each case) but itself containing no affidavit; (d) a blank misdemeanor sentence form for use by the trial court, and (e) a blank probation form, also for use by the court. Demurrers were filed on the grounds that the affidavit and warrant, as well as the blank probation sentence form, should be stricken therefrom. We think these grounds of demurrer to be well taken. The warrant for arrest and affidavit accompanying it had no place in the accusation, which is a pleading in the case and goes to the jury room. In *Spence v. State*, 96 Ga. App. 19 (3) (99 SE2d 309) it was held as to an arrest ticket which was erroneously admitted in evidence that, "it was further error to allow it to go to the jury room. The facts in the arrest ticket which were testified to on the stand by the officer making the ticket would have no place in the jury room because to allow

them to be before the jury in the form of a written memorandum when all the other testimony in the case was oral would put the memorandum in the form of a 'third witness' present with the jury in the jury room, thus lending undue emphasis to that part of the testimony. See *Royals v. State*, 208 Ga. 78 (65 SE2d 158)." Further, the sentence form, with the probation sentence attached, had no place in the jury room, and of course all of these papers were in fact sent out with the accusation. While *Code* § 27-2206 does not in terms deal with this situation, it makes argument by counsel before the jury that the defendant may be paroled or his sentence reduced a mandatory ground for mistrial, and the terms of the section are broad enough to cover the action of the trial court in paroling a defendant in a misdemeanor case. Indubitably, to send the blank probation sentence out to the jury room along with the blank misdemeanor sentence and as a part of it is a clear indication to the jury that it is at least possible, if not probable, that the defendant will not be sentenced to imprisonment, and is a fact which they might well take into illegal account in determining whether the defendant was guilty or innocent. This is the very thing which it was the intention of the legislature to prevent. For both these reasons it was error to overrule the special demurrers in each of the cases.

■ The remaining grounds enumerated as error are either without merit or are unlikely to recur.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*