## 36789. LANE v. THE STATE.

PER CURIAM.

Willie Charles Lane was convicted and sentenced to life imprisonment for the murder of Robert Lee "Bo" Walker. This is his appeal.

1. Two eyewitnesses testified that on the night in question they saw Lane stabbing Walker in the chest in front of the Cobra Lounge. After leaving the scene, Lane went to the home of Mrs. Jean Williams, and told her that he had been in a fight and had stabbed Walker. After attempting to call the police, he departed her residence. Lane also went by the home of Lula R. Mangram, and told her he had killed a man in front of the Cobra Lounge. Shortly thereafter, he was apprehended in the vicinity of the lounge and taken to the police station where, after receiving his warnings, he made an inculpatory statement in the presence of a representative from the juvenile authorities and a police officer. He was fifteen years old at the time of the crime.

Medical evidence indicated that Walker died from stab wounds in his upper chest which caused lacerations to his right and left lungs and to his aorta.

The state proved that Lane similarly had cut another person in the vicinity of the Cobra Lounge within minutes of the time he stabbed Walker. In both instances, before assaulting the victim, he had asked the victim to give him a dollar.

The foregoing evidence supports the jury's verdict under the current legal standard. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wallace v. State,* 246 Ga. 738 (1980).

2. Lane first complains that he was not given access to the

contradictory or inconsistent written statements of one of the two eyewitnesses.

In her original statement, Jackie Pasco denied any knowledge about the stabbing incident. She later changed her statement, admitting that she had seen the stabbing and that Lane was the person who had stabbed Walker. Both statements were recorded and transcribed. The fact and contents of these two statements were revealed to Lane through the court's in camera inspection of the state's files during the hearing on Lane's Brady motion.

At trial, the witness testified extensively on direct and cross examination as to the fact and contents of the two statements, and explained why she originally denied any knowledge of the incident and later changed her mind about telling the truth. Lane has not shown how his having the written statements might have affected the outcome of the trial. Accordingly, no reversible error has been illustrated. United States v. Agurs, 427 U. S. 97, 104 (96 SC 2392, 49 LE2d 342) (1976); *Dickey v. State,* 240 Ga. 634, 635 (242 SE2d 55) (1978).

3. The trial court held Lane's statement admissible after a Jackson v. Denno hearing. Lane contends that the state failed to bear its heavy burden of showing under the totality of the circumstances that he knowingly and voluntarily waived his constitutional rights. *Riley v. State,* 237 Ga. 124 (226 SE2d 922) (1976); *Williams v. State,* 238 Ga. 298 (232 SE2d 535) (1977); *Crawford v. State,* 240 Ga. 321 (240 SE2d 824) (1977); *Massey v. State,* 243 Ga. 228 (253 SE2d 196) (1979).

Several factors are considered by this court in applying the "totality of the circumstances" test to the statement of a minor. They are: " '(1) age of the accused; (2) education of the accused; (3) knowledge of the accused as to both the substance of the charge . . . and the nature of his rights to consult with an attorney and remain silent; (4) whether the accused is held incommunicado or allowed to consult with relatives, friends or an attorney; (5) whether the accused was interrogated before or after formal charges had been filed; (6) methods used in interrogations; (7) length of interrogations; (8) whether vel non the accused refused to voluntarily give statements on prior occasions; and (9) whether the accused has repudiated an extra judicial statement at a later date.' " *Riley,* supra, at p. 128. The evidence before the trial court concerning these factors indicates that Lane was fifteen years of age. He was advised of his rights twice, twenty minutes apart, once in the presence of a representative from the juvenile authority. Each of his rights was explained fully, and he stated that he understood his rights. He was not threatened or coerced. The length of the interrogation was not excessive. He never

refused to make a statement and never repudiated his statement. He was in custody no more than forty minutes before giving his statement. He was advised that no statement would be taken until someone from the juvenile office or a parent could be present. A representative of the juvenile authority was present in behalf of Lane during the questioning. Only one police officer was present and questioning Lane. An attempt to reach his mother was made before the interrogation began. His mother arrived within the hour that his statement was taken and, after she was advised of the charges, Lane repeated essentially the same statement to her in the presence of a police officer. Although Lane had been drinking he did not appear to be under the influence of alcohol. He was coherent, responsive, and did not attempt to withhold information but freely responded to questioning. His educational level was not established. Based on these factors, this court affirms the determination of the trial court that the confession was admissible.

4. Lane contends that reversible error was committed by allowing his written statements to go into the jury room during deliberations. He relies upon *Walker v. State,* 215 Ga. 128 (109 SE2d 748) (1959). However, when the statement is consistent with the theory of the defense, it is not reversible error to allow the statement to go out with the jury during deliberations. *Proctor v. State,* 235 Ga. 720 (221 SE2d 556). (1975). Lane contends that *Proctor* is inapplicable here because he did not testify. Although he did not take the stand, defense counsel questioned the state's witnesses concerning statements made to them by Lane shortly after the homicide to the effect that the victim hit or slapped Lane, causing bruises and swelling about his head and face, when he asked the victim for a cigarette. In his statement, Lane admitted stabbing the victim and stated this had happened because the victim had slapped him in the eye in response to his request for a cigarette. Accordingly, *Proctor* not *Walker* is applicable.

5. Lane contends that photographs of the deceased with the knife sticking in his chest should not have been admitted into evidence because testimony of the investigating officer established the position of the body and the location of the knife in the body, and because the cause of death was not in dispute. There is no merit in these contentions. *Moses v. State,* 245 Ga. 180 (263 SE2d 916) (1980); *Tucker v. State,* 245 Ga. 68 (263 SE2d 109) (1980); *Wilson v. State,* 245 Ga. 49 (262 SE2d 810) (1980).

6. The trial court did not err by admitting evidence of a similar crime. The victim of the independent crime identified Lane as the person who had assaulted him with a knife in the parking lot adjacent to the Cobra Lounge within minutes of the time when Lane killed

Robert Lee "Bo" Walker in front of the lounge. The two crimes were very close in point of time and location. In both instances Lane had demanded of the victim a dollar prior to the assault. The victim of the similar crime was cut with a knife. Walker was killed with a knife. The proof satisfied the requirements of *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976). *Wallace v. State,* supra.

7. One of the two female witnesses whom Lane visited after the crime testified that subsequent to the stabbing and after leaving her home Lane stopped by a fence outside her home and picked up a knife. The murder weapon had been left in the victim's body. Defendant's objection and motion for mistrial were overruled, and the court allowed the testimony into evidence subject to being connected up. When the prosecution failed to connect the second knife to the crime, the court instructed the jury that evidence pertaining to the second knife was not to be given any consideration in their deliberations. Defendant's motion for mistrial then was renewed and denied. The error, if any, was cured. No cause for reversal has been illustrated.

*Judgment affirmed. All the Justices concur, except Gregory, J., not participating.*

DECIDED JANUARY 16, 1981.

*Henry Ross,* for appellant.
*Glenn Thomas, District Attorney, E. Jerrell Ramsey, Assistant District Attorney, Arthur K. Bolton, Attorney General, W. Davis Hewitt, Assistant Attorney General,* for appellee.