## 66279. MORROW v. THE STATE.

BANKE, Judge.

The appellant appeals the denial of his motion for new trial following his conviction of rape.

The victim testified that as she was walking back home from a trip to the post office on July 8, 1982, she accepted a ride from a man driving a small, orange truck and that after they were moving, the man began touching her and offered to pay her $10 to go to bed with him. She refused and told him she would walk home, but he insisted that he would give her a ride. Telling her he had seen something alongside the road that he wanted to pick up, he then turned the truck around and began driving in the opposite direction. After going a short distance, he turned onto a dirt road and took her to an isolated, wooded area, where, she said, he raped and sodomized her. Before driving away, the assailant again offered her a ride home, but she refused and, after he had left, began walking. Upon reaching her home, an hour and-a-half later, she immediately told her mother and brother what had happened, and the brother reported the offense to the sheriff's office.

The appellant was taken into custody later that same day after deputies spotted his pickup truck and noticed that its appearance and contents matched a relatively detailed description provided by the victim. For example, the victim had reported that the truck carried the partial license tag number Q-864, and the appellant's tag number was QZ-8764. The victim had also provided police with an accurate description of the appellant himself, and she later selected his photograph without hesitation from among seven presented to

her in a photographic lineup.

The occurrence of intercourse was confirmed by a medical examination showing the presence of sperm in the victim's vagina. The examination also revealed the presence of bruises on the victim's arm and a small tear in her vagina. A paper towel was recovered from the scene and shown to be of the same brand, style, and color as several paper towels discovered inside appellant's truck. Laboratory analysis of this towel revealed the presence of seminal fluid, and it was determined that both the seminal fluid on the towel and the seminal fluid removed from the victim's vagina had been deposited by a "secreter" of blood type "B" (a "secreter" being a person whose blood type can be determined from analysis of his other bodily fluids). Analysis of the appellant's blood and saliva revealed him to be a "secreter" of blood type "B," characteristics which occur together in only 9.6 percent of the population. The appellant presented alibi evidence in his defense, and also offered the testimony of numerous character witnesses.

Three alleged errors are enumerated on appeal: (1) The court's failure to prevent the photographic lineup file from going out with the jury over the appellant's objection that it contained markings made by the victim indicating that she had selected his photo; (2) the admission of alleged hearsay testimony by a deputy to the effect that the victim had personally confirmed the identification of the appellant's truck after it was located; and (3) the court's instruction to the jury that they could convict notwithstanding evidence of good character. *Held:*

1. It was established without dispute that the markings on the lineup file were placed there by the victim at the time she chose the appellant's photo, and, consequently, they did not render the file inadmissible. Accord *Bennett v. State,* 138 Ga. App. 99 (225 SE2d 507) (1976). We reject the appellant's contention that the submission of the file to the jury under these circumstances gave improper emphasis to the victim's identification testimony and was therefore objectionable under the rule prohibiting affidavits or depositions from being sent out with the jury after they have been read into evidence. See generally *Royals v. State,* 208 Ga. 78 (2) (65 SE2d 158) (1951). The photographic lineup file was not a testimonial account of the victim's identification of the appellant but was documentary evidence of the event itself. In any event the issue was not timely raised in the trial court. The question of whether an item of evidence should be allowed to go out with the jury is separate and distinct from the issue of its admissibility and cannot be raised for the first time on appeal. See *Gribble v. State,* 248 Ga. 567, 572 (7) (284 SE2d 277) (1981). The appellant's objection at trial was only to the admissibility

of the file — not to its submission to the jury. The latter issue is consequently deemed waived. See *Stidem v. State,* 246 Ga. 637 (3) (272 SE2d 338) (1980).

2. Assuming *arguendo* that the court erred in allowing the deputy to testify that the victim had personally identified the appellant's truck after it was located, the error was harmless since the deputy's testimony was merely cumulative of the victim's own testimony on this point and consequently had no potential for prejudicing the appellant's case.

3. The court gave the following charge on the weight to be given evidence of good character: "Good character, if shown, is a positive substantive fact and may in and of itself generate a reasonable doubt of the guilt of the defendant. It is your duty to take into account evidence of general good character, along with all the other facts and circumstances of the case in deciding this case. In doing so, as stated, if you have a reasonable doubt as to the defendant's guilt, you should acquit him; however, if you believe the defendant to have been proved guilty beyond a reasonable doubt, it is your duty to convict, *notwithstanding evidence as to his general good character.*" (Emphasis supplied.)

The appellant contends that the last phrase of the charge was erroneous in that it negated the rule that proof of good character may in and of itself constitute a substantive defense, "overriding any amount of positive evidence pointing to the guilt of the defendant." *Loomis v. State,* 78 Ga. App. 336, 358 (9) (51 SE2d 33) (1948). See also *Seymour v. State,* 102 Ga. 803 (30 SE 263) (1897). Cf. Pattern Jury Instructions, Council of Superior Court Judges of Georgia. However, it has oft been held that good character affords no license for committing a crime, and it is entirely proper to charge the jury that they would be authorized to convict, notwithstanding proof of good character, if upon consideration of all the evidence they believe the defendant guilty beyond a reasonable doubt. See *Nunnally v. State,* 235 Ga. 693, 704 (8) (221 SE2d 547) (1975); *Favors v. State,* 228 Ga. 196 (3) (184 SE2d 568) (1971); *Brazil v. State,* 117 Ga. 32, 37 (3) (43 SE 460) (1902); *Sims v. State,* 84 Ga. App. 753, 756 (67 SE2d 254) (1951). The charge given by the court was an accurate statement of the law which fairly embodied the principles contained in the appellant's requested charge on the issue; consequently, it affords no ground for reversal of the conviction. See generally *Hall v. State,* 243 Ga. 207, 211 (7) (253 SE2d 160) (1979).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 18, 1983 —
REHEARING DENIED JUNE 14, 1983 — ∎

*James E. Hudson, Kenneth Kalivoda,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney,* for appellee.