## 66967. HEARD v. THE STATE.

CARLEY, Judge.

Appellant was convicted of aggravated sodomy. His sole enumeration of error on appeal is that the trial court erred in permitting the written statements of two witnesses to be taken into the jury room during the jury's deliberations.

At trial, appellant attempted to establish the defense of alibi. The evidence showed that the crime occurred between 2:00 and 2:30 a.m. Appellant testified that he had talked on the telephone to his girlfriend, Elizabeth Smith, from 1:25 until 2:30 or 2:45 on the night in question. Ms. Smith corroborated appellant's assertions by testifying that they had talked from 1:30 until 2:30 that night. However, in a previous written statement, Ms. Smith had recounted that she and appellant were on the phone from 2:30 until 3:00. Another witness, Darryl McGahee, who lived with appellant, testified at trial that appellant had talked on the telephone until 2:30 or 3:00 on that particular night. In Mr. McGahee's prior written statement, however, he had twice mentioned that he had seen appellant talking on the phone between 2:00 and 2:30 a.m. Both Ms. Smith and Mr. McGahee were examined and cross-examined extensively about their previous statements. The statements were read to the jury and admitted in evidence. At the close of the case, over appellant's objection, the written statements were sent out with the jury, along with other evidence, to be considered during deliberations.

It is clear that the written statements of Mr. McGahee and Ms. Smith should not have been taken into the jury room. *Walker v. State,* 215 Ga. 128 (109 SE2d 748) (1959); *Royals v. State,* 208 Ga. 78 (65 SE2d 158) (1951). However, the question remains whether the trial court's error in this regard was harmful and requires a new trial. Under the standard established in *Proctor v. State,* 235 Ga. 720 (221 SE2d 556) (1975), and *Lane v. State,* 247 Ga. 19 (273 SE2d 397) (1981), it is not reversible error for a written statement to go out with the jury if that statement is consistent with the theory of the defense. If written evidence is not consistent with the theory of the defense, the trial court's error in permitting it to go out with the jury may nonetheless be harmless if it is highly probable that the error did not contribute to the judgment. *Owens v. State,* 248 Ga. 629 (284 SE2d 408) (1981).

Applying the foregoing principles to the instant case, we find

that the substance of Mr. McGahee's statement was consistent with appellant's theory of defense. Accordingly, appellant has shown no reversible error with regard to that statement. However, Ms. Smith's statement arguably was inconsistent with the theory of the defense. Therefore, the trial court's error in sending Ms. Smith's statement to the jury room must be evaluated under the "highly probable" standard enunciated in *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976), and applied in *Owens v. State,* supra.

In applying the highly probable test, a factor to be considered is the strength of the evidence against the accused. *Hill v. State,* 246 Ga. 402 (271 SE2d 802) (1980). That factor is dispositive in the case at bar, as the evidence of appellant's guilt was overwhelming. Appellant was well known to the victim, who testified unequivocally that it was appellant who attacked her. She had a good view of his face as he approached her, and she recognized his voice. She almost called him by name during the assault, but decided it was safer not to do so. Additionally, there were no signs of forced entry to the victim's apartment, and appellant, who had previously resided there, knew how to get into the apartment without a key.

In light of the overwhelming evidence against appellant, we find that it is highly probable that the error in permitting the written statements to go out with the jury did not contribute to the jury's decision in this case. Accordingly, the error was harmless. See *Owens v. State,* supra.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 31, 1984.

*Stroud P. Stacy III,* for appellant.
*Robert E. Wilson, District Attorney, Robert E. Statham III, Ann Poe Mitchell, Assistant District Attorneys,* for appellee.