## 69280. BREWTON v. THE STATE.
### (329 SE2d 270)

POPE, Judge.

After a trial by jury, appellant was convicted of the offenses of armed robbery, theft by taking and possession of a firearm by a convicted felon in violation of OCGA § 16-11-131. On appeal two enumerations of error are cited.

1. Appellant first assigns error to the trial court's refusal to give his written request to charge the jury on the law of alibi. For two reasons, we find no error. "The defense of alibi involves the impossibility of the accused's presence at the scene of the offense *at the time of its commission*. The range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence." (Emphasis supplied.) OCGA § 16-3-40. Appellant asserts as alibi evidence the testimony of his mother stating that on the day and night of Saturday, September 17, 1983, appellant was at the home of his parents. However, the crimes for which appellant was tried and convicted were committed at approximately 10:30 — 11:30 p.m. on Sunday night, September 18, 1983. The evidence at issue was introduced to impeach the credibility of a prior State's witness, the victim of the armed robbery, who testified that appellant had been at the scene of the crimes on both Saturday and Sunday nights. The trial court was not required to give a charge on alibi since it was not authorized by the evidence. See *Sapp v. State*, 155 Ga. App. 485 (2) (271 SE2d 19) (1980).

"Moreover, the trial court did charge the jury on the subject of identification of [appellant] as the perpetrator of the charged offenses. In such a case, where the question of identity of the perpetra-

tor and the fact of alibi are essentially the same defense, the court's failure to charge on alibi is not error." *Morris v. State,* 166 Ga. App. 137, 142 (303 SE2d 492) (1983).

2. In his second enumeration of error, appellant asserts that the trial court erred in allowing certain exhibits to go out with the jury during deliberations. The three exhibits complained of were printed forms filled out and signed by each of three eyewitnesses to the commission of the crimes charged. On each form the witness attested to the fact that upon viewing a lineup consisting of photographs of six men photograph number 4 had been chosen as the perpetrator. Number 4 was the number assigned to appellant's photograph. At trial each eyewitness again identified appellant as the perpetrator of the crimes. Further, the photographic lineup was admitted as State's Exhibit 1 whereupon each of the three eyewitnesses testified to having previously chosen appellant's photograph from the lineup, displayed individually to them by police, as well as to signing the form attesting to each choice.

The three identification sheets were admitted into evidence without objection. Subsequently, after the charge and before the exhibits were sent to the jury, appellant's counsel objected to the identification sheets going out with the jury during their deliberations. This objection was overruled and the sheets were allowed to go out with the jury.

Appellant asserts that the trial court improperly allowed the three identification sheets into the jury room as this placed undue emphasis upon them and amounted to the State having an extra voice on the jury. The State contends that appellant's failure to object to the initial introduction of the witness identification sheets constitutes a waiver. However, it is apparent that a specific objection, such as was made here, to the sheets going out to the jury was necessary. See *Gribble v. State,* 248 Ga. 567 (7) (284 SE2d 277) (1981). "[T]he underlying 'admissibility' of written evidence in a case is a separate and distinct issue from whether that evidence should be allowed to go out with the jury." *Miller Distrib. Co. v. Rollins,* 163 Ga. App. 635, 636 (295 SE2d 187) (1982). "The general rule is that *all* the circumstances of a transaction may be submitted to the jury, provided they afford any fair presumption or inference as to the matter in issue. Accordingly, all facts upon which any reasonable presumption or inference can be founded, as to the truth or falsity of the issue, are admissible in evidence. On the other hand, certain written evidence, otherwise 'admissible' as tending to prove or disprove issues in the case, should not be allowed to go out with the jury. The jury should not be permitted to take with them for consideration in the jury room, depositions, dying declarations, confessions or written statements of the defendant, or other instruments of evidence depending for their sole value

on the credibility of the maker. Such written testimony may have an unfair advantage over oral testimony by speaking to the jury more than once . . . An objection merely against the admission of evidence would not reach the question of its going out with the jury." Green, Ga. Law of Evidence (2d ed.), § 87.1 (1983), and cases footnoted therein. In light of the foregoing, the better practice would be to interpose a timely objection to the initial admission of the written evidence on the specific ground that it should not go out with the jury. See *Laster v. State*, 163 Ga. App. 294 (2) (293 SE2d 75) (1982).

Although appellant's failure to register his objection to the initial admission of the witness sheets may have constituted a waiver, in the interest of justice we have examined the merits of this enumeration. Our review of the record reveals no basis for reversal of appellant's conviction. First, we view the witness identification sheets at issue herein not as statements of the witnesses, but rather as tools to explain the photographic lineup display which was shown to the witnesses before trial and admitted without objection. The sheets were documentary evidence of the display itself. *Morrow v. State*, 166 Ga. App. 883 (1) (305 SE2d 626) (1983). Even assuming that the identification sheets are considered to be written statements of the witnesses which are inconsistent with appellant's theory of defense, the alleged error in allowing them to go out with the jury during its deliberations does not necessarily require reversal. See *Heard v. State*, 169 Ga. App. 609 (314 SE2d 451) (1984). "[T]he question remains whether this act was harmful error requiring a reversal and a new trial. This court has adopted the highly probable test when determining if an error is harmless. If it is highly probable that the error did not contribute to the judgment then the error is harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976)." *Owens v. State*, 248 Ga. 629, 631 (284 SE2d 408) (1981).

"In applying the highly probable test, a factor to be considered is the strength of the evidence against the accused. *Hill v. State*, 246 Ga. 402 (271 SE2d 802) (1980). That factor is dispositive in the case at bar, as the evidence of appellant's guilt was overwhelming." *Heard v. State*, supra at 610. Charles Dawley, the proprietor of the Wee Putt Golf Course in Roswell, Georgia testified that, as he was preparing to close the business for the night of September 18, 1983, appellant robbed him at gunpoint of some $340 and then drove away at a high rate of speed. Dawley testified that he recognized appellant because appellant and a female had been customers at the golf course on the previous evening. Dawley had asked them to leave because they were causing a disturbance. Further, according to Dawley's testimony, after the robbery Dawley had picked appellant's picture from the photographic lineup. At trial appellant was also identified by Dawley as the man who robbed him.

Two other eyewitnesses, who prior to September 18, 1983 were not acquainted with each other, with Dawley or with appellant, testified at trial that each had chosen appellant's picture from the pretrial photographic display as the man who drove away from the golf course in a Chevrolet Impala immediately following the robbery. Both witnesses also made in-court identification of appellant as the perpetrator. It was further established that the Chevrolet Impala was owned by Mr. and Mrs. York, a couple playing miniature golf at the time of the robbery, and that the car was stolen from the parking lot of the Wee Putt Golf Course. Shortly after the robber drove away, the car was wrecked on a nearby road. Within a few hours, at 2:00 a.m., appellant was apprehended by police behind a county water facility pumping station in a wooded area in very close proximity to the wrecked, stolen car. Appellant fit the eyewitnesses' description of the perpetrator and he had fresh cuts on his hands and arms. Although denied by appellant at trial, the arresting officer testified that upon his apprehension, appellant said that he had been chased through the woods by a person who had wrecked the car.

"In light of the overwhelming evidence against appellant, we find that it is highly probable that [any] error in permitting the [identification sheets] to go out with the jury did not contribute to the jury's decision in this case." *Heard v. State*, supra at 610. Compare *Harris v. State*, 168 Ga. App. 458 (5) (309 SE2d 431) (1983), a case based largely upon circumstantial evidence, in which this court reversed the trial court on the ground that the polygraph examiner's report was erroneously sent out with the jury. In *Harris*, we were unable to "say that the jury was unaffected and uninfluenced by the [polygraph report], and that their verdict of guilty was untainted." Id. at 461. Here, based upon the foregoing reasons, we hold that it is highly probable that such undue influence did not result, nor was the verdict tainted by allowing the identification sheets to go out with the jury.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 8, 1985 —
REHEARING DENIED MARCH 22, 1985 —

*Derek H. Jones*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, William Fincher, Assistant District Attorneys*, for appellee.