## 75560. McKELVEY v. THE STATE.
(366 SE2d 231)

SOGNIER, Judge.

Appellant was convicted of possession of cocaine and possession of marijuana, in violation of the Georgia Controlled Substances Act, and she appeals on the general grounds.

The evidence disclosed that Detective Lorenzo Dunlap of the Co-

lumbus Police Department obtained a search warrant for appellant's apartment based on information from a confidential informant that there was a quantity of marijuana on the premises. When the warrant was executed Detective Dunlap and a GBI agent went to the front door, and Lieutenant Taylor and two other officers went to the rear door. Detective Dunlap knocked and announced that the police had a warrant to search the apartment; receiving no answer, the GBI agent opened the unlocked door and he and Detective Dunlap entered. After securing the premises and the persons present, Detective Dunlap went to a bedroom with the door closed to commence his search. Receiving no response to his knocks, he forced open the unlocked door and found Charlotte Russell, a co-defendant and a visitor in appellant's apartment, behind the door. (Russell had apparently been holding the door closed to prevent entry.) Detective Dunlap found a brown paper bag containing six individual bags of marijuana and a mirror with a white powder residue on the bed. Lieutenant Taylor and the other two officers entered the rear door immediately after Detective Dunlap had entered the front door, and found appellant and Janice Sutton, a visitor, in the kitchen. One of the officers with Lieutenant Taylor went immediately to the bathroom and found Lucious Williams, another visitor, injecting himself with cocaine. Lieutenant Taylor had remained in the kitchen with Sutton, having ordered appellant into the living room. After a few minutes Lieutenant Taylor noticed a bag of marijuana on or under the kitchen table (the record is unclear on this point), which was extremely cluttered. Lieutenant Taylor ordered Sutton to empty the contents of her pockets onto the table but found no contraband, and Sutton was subsequently released.

Williams testified as a State witness that Russell had called him over to appellant's apartment; when he arrived, Russell gave Williams the cocaine which he was injecting when the police found him in the bathroom. Russell testified that when the police arrived she was scared because she was on probation, so she ran into the bedroom to hide. She denied giving cocaine to Williams, and denied any knowledge of the cocaine and marijuana found on the bed. Appellant testified that she did not know any marijuana or cocaine was in her apartment. Both appellant and her mother testified that Russell, who was visiting in the apartment, had departed to go shopping. When she returned about thirty minutes later, she was carrying a brown paper bag; Russell then went in the bedroom and closed the door. Appellant also testified that shortly after Russell returned from shopping Williams came over, asked to talk to Russell, and went in the bedroom. He came out of the bedroom very shortly and asked to use the bathroom. Appellant also testified that Sutton must have thrown the bag of marijuana found in the kitchen onto the table.

The primary issue in this case was the credibility of witnesses, which was a question for the jury. *Williams v. State*, 184 Ga. App. 68 (1) (360 SE2d 634) (1987). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), insofar as the offense of possession of marijuana is concerned, since marijuana was found on or under the kitchen table, and appellant was in the kitchen when the police arrived. However, we do not find the evidence sufficient to establish appellant's guilt beyond a reasonable doubt of the offense of possession of cocaine. Other than the fact that the apartment belonged to appellant, there is no evidence whatsoever connecting her with the cocaine residue found on a mirror in the bedroom where Russell was hiding, and where she had been for ten or fifteen minutes prior to arrival of the police. Such evidence indicated, if anything, that Russell had been using cocaine in the bedroom, since there was no evidence that appellant was ever in the bedroom where Russell was found, or that appellant used the bedroom at all. Further, Williams' testimony that Russell had called him over to the apartment after she returned from shopping and had given Williams the cocaine he was injecting certainly supports an inference that the cocaine belonged to Russell. Such an inference is buttressed by the fact that the search warrant, based on information from an informant, was only for marijuana, indicating that the informant was unaware of any cocaine in appellant's apartment. Under such circumstances we cannot say the evidence meets the standard of proof required by *Jackson v. Virginia*, supra. Accordingly, appellant's conviction of possession of cocaine must be reversed.

*Judgment affirmed as to possession of marijuana. Judgment reversed as to possession of cocaine. McMurray, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED FEBRUARY 17, 1988.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney*, for appellee.