76629. ANFIELD v. THE STATE.
(373 SE2d 51)

BIRDSONG, Chief Judge.

Jimmy Anfield was indicted, tried, and convicted of violating the Georgia Controlled Substances Act, namely the sale of cocaine to an undercover agent.

The evidence disclosed that on February 26, 1982, a confidential informant took an undercover GBI agent to the home of appellant's brother. After a brief conversation, appellant sold the agent $25 worth of a white powdery substance, which was later identified as cocaine. Immediately after leaving the premises, the agent recorded the transaction on a tape recorder and tagged the purchase as evidence. At trial, the agent positively identified the appellant as the one who sold the cocaine and accepted the money. The appellant, on the other hand, admits the agent was at his brother's house, but denies the alleged transaction. Appellant contends that the agent and the informant brought the cocaine with them and at no time was there a sale or

exchange of money. Although appellant admits to using cocaine (while the agent was present), he contends he has never used it prior to or subsequent to the night in question. Appellant appeals his conviction based on the general grounds. *Held*:

1. In asserting the general grounds, appellant contends that the verdict finding him guilty is contrary to the evidence, against the weight of the evidence, and contrary to law and the principles of justice and equity. "It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. [Cits.]" *Laws v. State*, 153 Ga. App. 166 (1) (264 SE2d 700). The evidence in this case is clearly sufficient to support the verdict, and we are satisfied that any rational trier of fact reasonably could have found proof of the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Therefore, we find no merit in this enumeration.

2. Appellant urges this court to address the trial court's failure to require disclosure of the confidential informant's identity. However, appellant failed to enumerate this as error. It is the basic appellate practice that error argued in the brief but not enumerated as error will not be considered on appeal. *Hibbert v. State*, 146 Ga. App. 887 (3) (247 SE2d 554). And, enumerations of error cannot be enlarged by means of statements in the brief of counsel to include issues not made in the enumeration. *Key v. State*, 147 Ga. App. 800 (2) (250 SE2d 527).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 9, 1988.

*Phillips D. Hamilton*, for appellant.

*J. Lane Johnston, District Attorney, G. Barksdale Boyd, Assistant District Attorney*, for appellee.