A89A0519. OLSEN v. THE STATE.
(382 SE2d 715)

SOGNIER, Judge.

William Louis Olsen was convicted on charges of rape, kidnapping, aggravated sodomy, theft by bringing stolen property into the state, and possession of a knife during the commission of a crime, and he appeals.

Construed to support the verdict, the evidence adduced at trial showed that appellant left Maryland in an automobile he knew was stolen and drove south on Interstate 95 intending to visit Florida. He picked up a hitchhiker, Randy Holding, and together they entered Georgia, stopping in Savannah to visit the riverfront bars. It was at such a bar that the two men met the victim and subsequently gave her a ride home. The victim, thinking her roommate was present, allowed the two men to come inside with her in response to Holding's request to use the bathroom. Appellant sat beside the victim on the couch in the living room and made repeated sexual advances which the victim resisted. Both men refused to obey the victim's order to leave. Appellant then forced the victim to the floor, pulling her skirt up and her pantyhose down. The victim screamed to Holding for help, but he took no action, and appellant muffled the victim's mouth with his hand and struck her in the head. Appellant first tried to drag the victim, but when she resisted he carried her into the bedroom and, in order to stifle her screams, choked her almost to unconsciousness. Appellant then raped and sodomized the victim.

Afterwards, appellant acceded to the victim's request for a glass of water and accompanied her to the bathroom, holding both her wrists. The victim left the faucet running and broke free of appellant's grasp. In the moments it took for appellant to turn off the water the victim returned to her room, grabbed her gun, which had been unreachable during the assault, from the headboard of the bed, and fired all five shots in the weapon at appellant, injuring but not incapacitating him. The victim dialed the local emergency number and, bluffing appellant with an empty gun, allowed him to collect his clothing and leave. The victim was too badly shaken to reload the gun but followed him outside where she and a newspaper delivery man noted the out of state license plate number of the vehicle in which appellant left the apartment complex. Several hours later a vehicle with a Maryland plate with numbers almost identical to the one noted by the victim and the passerby was stopped. Holding was driving and appellant was a passenger. Four knives with blade lengths exceeding three inches were found inside the vehicle within appellant's reach.

1. Appellant contends the trial court erred by failing to merge the crimes of kidnapping with bodily injury, OCGA § 16-5-40, and aggravated sodomy, OCGA § 16-6-2 (a). OCGA § 16-1-7 (a) provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." Since these crimes do not fit within the second portion of the test, their merger "will depend upon whether one is included in the other. One crime is included in another when: '[1] it is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged, or [2] it differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.' [OCGA § 16-1-6]." *Thomas v. State*, 237 Ga. 690, 694 (229 SE2d 458) (1976).

The kidnapping and aggravated sodomy crimes did not merge here as a matter of law since the distinct essential elements for each crime are different. See OCGA §§ 16-5-40; 16-6-2; see generally *Freeman v. State*, 184 Ga. App. 678-679 (1) (362 SE2d 413) (1987). Nor did the crimes merge here as a matter of fact since, contrary to appellant's argument that the aggravated sodomy constituted the bodily injury here, there was sufficient evidence from which the jury could have found that appellant's action in choking the victim almost to the

point of unconsciousness after forcibly taking the victim from the living room to the bedroom constituted the bodily injury necessary to establish all the elements of kidnapping with bodily injury, OCGA § 16-5-40, which was completed before appellant committed the aggravated sodomy. See generally *Williams v. State*, 184 Ga. App. 480, 481 (2) (361 SE2d 713) (1987); compare *Fredrick v. State*, 181 Ga. App. 600, 602 (2) (353 SE2d 41) (1987). Accordingly, appellant was properly convicted and sentenced for both offenses. *Williams v. State*, 156 Ga. App. 481-482 (1) (274 SE2d 826) (1980).

2. Appellant contends the trial court erred by not conducting a hearing out of the presence of the jury as to the voluntariness of the statement he gave the police. The State presented extensive evidence that a statement given Detective Pat Slawter by appellant was freely and voluntarily made after appellant was advised of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)). No objection was made to this foundation evidence. Rather, objection was made to the use of a transcript in place of the tape recorded statement and to the clarity of the tape. The trial court sustained the objection to the use of the transcript but admitted the tape recording itself. Several minutes into the recording, defense counsel objected to a reference therein to a prior crime, after which the trial court sustained defense counsel's earlier objection to the clarity of the tape. The trial court allowed the State to question Detective Slawter about what appellant told her during the interview. Shortly after this questioning began, appellant's counsel stated that "unless the Court feels that it's already been done, I think we need a Jackson/Denno hearing." The trial court overruled the objection as untimely.

"Though presented in the presence of the jury, the evidence clearly showed that the confession was freely and voluntarily given by the appellant. Since there was no objection to this foundation evidence, appellant's later objection to the admissibility of the taped confession was without merit. And his contention here, that a Jackson-Denno hearing [*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964)] was not conducted, is likewise without merit." *Pierce v. State*, 238 Ga. 682 (235 SE2d 374) (1977).

3. We find no merit in appellant's enumeration asserting an insufficiency of the evidence to support his conviction for theft by bringing stolen property into Georgia, OCGA § 16-8-9. Appellant testified at trial that while in Maryland, he decided to go to Florida and began the trip in an automobile he knew was stolen. He acknowledged that he knew that the vehicle he brought into Georgia was stolen. Even assuming, arguendo, that appellant did not "bring" the vehicle into the state because he was not physically behind the steering wheel at the moment the vehicle crossed the state line, having picked up Holding, a hitchhiker, to share the driving, appellant was nevertheless

a party to the crime under OCGA § 16-2-20. We find the evidence sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charge under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant asserts the evidence was insufficient to support his conviction for possession of a knife during the commission of a crime. OCGA § 16-11-106 (b) provides: "Any person who shall have on or within arm's reach of his person a firearm or a knife having a blade of three or more inches in length during the commission of, or the attempt to commit: . . . (3) A theft from a building or theft of a vehicle . . . commits a felony . . . ." Evidence was adduced at trial from which the jury could have found that appellant committed a theft under Title 16 Chapter 8 involving a vehicle, see Division 3, supra, and that during the commission of that theft appellant had within arm's reach four knives with blade lengths of three or more inches. Contrary to appellant's assertion in his brief, the evidence did not show that all the knives belonged to the vehicle's rightful owner since appellant testified that State's Exhibit No. 13, one of the knives in the stolen vehicle, belonged to him and was in his possession when he left Maryland. As to appellant's arguments regarding the trial court's charges on this subject, "[i]t is the basic appellate practice that error argued in the brief but not enumerated as error will not be considered on appeal. [Cit.] And, enumerations of error cannot be enlarged by means of statements in the brief of counsel to include issues not made in the enumeration. [Cit.]" *Anfield v. State*, 188 Ga. App. 345, 346 (2) (373 SE2d 51) (1988).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 24, 1989 —
REHEARING DENIED JUNE 2, 1989.

*Cail & Cail, Kenneth H. Cail, Jr.*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *Gregory M. McConnell*, Assistant District Attorney, for appellee.