A90A0870. NELSON v. THE STATE.

(399 SE2d 748)

POPE, Judge.

Defendant appeals his conviction of possession of cocaine, OCGA § 16-13-30 (a), and possession of firearms during the commission of a crime involving possession of a controlled substance, cocaine, OCGA § 16-11-106 (b) (4). Defendant contends the evidence was insufficient to sustain the verdict and further argues the trial court erred in permitting the search warrant and supporting affidavit to go out with the jury.

1. Sufficiency of evidence.

After having a confidential informant make purchases from an upstairs apartment at 1955 Dunlap Avenue in East Point, the police obtained a warrant to search that address and an individual named

"New York." In order to execute the warrant, two officers broke into the apartment after knocking on the door and receiving no response. Defendant was seated in the living room in a chair on the arm of which was a loaded nine millimeter "Cobray machine pistol." Attached to it was a 50-round clip. On a table within two feet "or less" of the chair was a loaded pistol-grip 12 gauge shotgun, crack cocaine and $780 in various denominations. Next to the chair was a loaded rifle. Ammunition, other weapons, drugs and drug paraphernalia were found scattered throughout the apartment. Most of the drugs were on the kitchen counter and in the refrigerator.

The evidence showed the apartment was leased to a black man with a dark complexion from New York. The officer who obtained the search warrant testified the confidential informant described the suspect known as "New York" as having a light complexion. Defendant resided at another address but was the only one in the apartment when the raid occurred. Defendant argues that because he did not live at the apartment his mere presence was insufficient to warrant his convictions. But in addition to his presence, he had within arm's reach contraband, the money and weapons. See OCGA § 16-11-106 (b) (4); *McKelvey v. State*, 185 Ga. App. 855, 857 (366 SE2d 231) (1988) [non-precedential]; *Garvey v. State*, 176 Ga. App. 268, 274 (6) (335 SE2d 640) (1985). Defendant was from New York and his wallet contained a photograph inscribed on the back "to New York." During the search another individual sought entrance to the apartment in order to purchase crack.

A rational trier of fact was authorized to find defendant guilty of the two crimes beyond a reasonable doubt. *Olsen v. State*, 191 Ga. App. 763, 766 (4) (382 SE2d 715) (1989); *Lewis v. State*, 186 Ga. App. 349, 350 (1a) (367 SE2d 123) (1988).

2. Admissibility of evidence.

Over defendant's objection, the search warrant and its accompanying affidavit and return were admitted into evidence. They contained a physical description of the suspect known as "New York." Defendant argued these documents contained sworn testimony of a witness who was on the stand (the detective who obtained the search warrant) and to allow it to go out with the jury would be "like putting the witness in the jury room."

Documents that substitute for testimony may not be taken into the jury room. *Johnson v. State*, 244 Ga. 295, 296 (3) (260 SE2d 23) (1979). "The reason given for not allowing them to be delivered to the jury is, that the testimony which they contain, if read and reread by the jury, would have an unfair advantage over oral testimony of the other side, by speaking to the jury more than once." *Shedden v. Stiles*, 121 Ga. 637, 640 (4) (49 SE 719) (1904). Although we do not find a Georgia case involving a search warrant, in *Cain v. State*, 113

Ga. App. 477, 481 (5) (148 SE2d 508) (1966), this court held an arrest warrant and its affidavit may not go out to the jury. See also *Spence v. State*, 96 Ga. App. 19, 20 (3) (99 SE2d 309) (1957). The trial court erred in permitting the search warrant and affidavit to be sent into the jury room as an additional witness. The ruling of the trial court is not reversible, however, unless it was harmful to defendant.

In addition to the testimony of the detective who signed the search warrant affidavit, the evidence was overwhelming that defendant was the suspect known as "New York" and was in possession of the contraband and weapons, as set forth in Division 1. Thus, it is highly probable that the objectionable evidence did not contribute to the judgment and therefore the error does not require reversal. See *Heard v. State*, 169 Ga. App. 609 (314 SE2d 451) (1984).

*Judgment affirmed. Carley, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., and Birdsong, J., concur. Sognier, Beasley and Cooper, JJ., dissent.*

BEASLEY, Judge, dissenting.

I concur in Division 1, but dissent because of the holding in Division 2. The court correctly rules that the search warrant and affidavit were erroneously submitted to the jury. These documents would be in the same category as interrogatories, depositions, dying declarations and confessions, which are not permitted to go out with the jury. *Walker v. State*, 215 Ga. 128, 129 (2) (109 SE2d 748) (1959); *Royals v. State*, 208 Ga. 78, 80 (2) (65 SE2d 158) (1951); *Strickland v. State*, 167 Ga. 452, 460 (6) (145 SE 879) (1928); *Shedden v. Stiles*, 121 Ga. 637, 640 (4) (49 SE 719) (1904). Their contents orally testified to are admissible but the inclusion of the documents themselves as exhibits for consideration in the jury room is not. *Davis v. State*, 178 Ga. App. 760, 763 (3) (344 SE2d 730) (1986); *Morrow v. State*, 166 Ga. App. 883, 884 (1) (305 SE2d 626) (1983). See *Gribble v. State*, 248 Ga. 567, 572 (7) (284 SE2d 277) (1981).[1]

I depart from the majority in applying the harmless error rule.

First, was the wrongly admitted evidence consistent with the theory of the defense? *Lane v. State*, 247 Ga. 19, 21 (4) (273 SE2d 397) (1981); *Proctor v. State*, 235 Ga. 720, 723 (221 SE2d 556) (1975); *Heard v. State*, 169 Ga. App. 609 (314 SE2d 451) (1984). Defendant was attempting to show that he was not "New York." The affidavit tended to identify him as that individual by describing "New York" as tall and light complected. It described the confidential informant

---

[1] Appellant also argues that the documents contain additional evidence not testified to by the detective, plus the hearsay of an unnamed informant and the finding of probable cause by the magistrate, see *Spence v. State*, 96 Ga. App. 19, 21 (99 SE2d 309) (1957), but these grounds were not raised below.

twice making controlled purchases of cocaine, inferentially from "New York," at the location. The return listed defendant as the only person searched. This information was inconsistent with the theory of defense, i.e., mistaken identity, *Lane,* supra, as the State argued to the jury.

Second, is it "highly probable" that the inadmissible evidence did not contribute to the judgment? *Heard,* supra; *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976). Because defendant's sole defense rested on the contention that he was merely an innocent bystander, at the wrong place at the wrong time, the jury's consideration of the affidavit during its deliberations cannot be found harmless. The law requires a new trial.

I am authorized to state that Judge Sognier and Judge Cooper join in this dissent.

DECIDED DECEMBER 5, 1990.

*J. Robert Joiner,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Doris L. Downs, Carl P. Greenberg, Assistant District Attorneys,* for appellee.