A05A0848. BRANSCOMB v. THE STATE.
(613 SE2d 222)

PHIPPS, Judge.

Following the denial of his motion for new trial, Alan Branscomb appeals his conviction of possession of cocaine. He charges the trial judge with having violated OCGA § 17-8-57 by challenging the credibility of defense witnesses and by commenting on the evidence in the presence of the jury, and he charges his trial attorney with ineffective assistance in failing to raise a "continuing witness" objection. Finding no deficiency in counsel's performance and no reversible error by the trial court, we affirm.

The state's evidence showed that agents from the Metro Narcotics Task Force for the City of Columbus used a confidential informant (CI) to conduct a controlled purchase of cocaine from a woman named Shirley. When the CI went to Shirley's apartment to make the buy, Shirley procured the cocaine from Branscomb's nearby apartment. Narcotics agents then obtained a warrant to search Branscomb's apartment. Agent DeShon Grant testified that, because agents observed Branscomb trying to flush something down the toilet after they knocked on the door and announced their presence, they made a forcible entry into the apartment. There they encountered Branscomb's roommate, Richard Davis, in the living room. They saw Branscomb leaning over the toilet in the bathroom. A pill bottle containing cocaine residue was found in the bathroom next to the toilet where Branscomb had been standing.

At trial, Branscomb called Davis as a defense witness and elicited testimony from him showing that shortly after Branscomb's arrest, Davis executed an affidavit in which he swore under oath that the cocaine found in the pill bottle was his. On cross-examination, Davis testified that he had signed the affidavit to help Branscomb, that he had not realized what he was signing, and that the statements in the affidavit were not true. Without objection by either side, the judge asked Davis why he would try to help Branscomb by making false statements in a sworn affidavit, thereby committing the criminal offense of false swearing.

Branscomb testified that the narcotics agents did not produce a search warrant when they came to his apartment, that he was in his bedroom rather than the bathroom when they entered the apartment, and that any cocaine in the pill bottle must have been planted

there by the officers. Branscomb claimed that after he was arrested, agents informed him that they had not found anything but were going to "put something on" him if he did not assist them in other investigations.

Branscomb's prior convictions for various drug offenses were admitted in evidence. Branscomb testified that he had pled guilty to one of the prior charges only because he wanted to be released from an unduly prolonged pretrial detention. Coincidentally, that plea had been accepted by the judge presiding over Branscomb's trial. At times during the trial, the judge questioned Branscomb about his entry of the plea and elicited testimony from Branscomb showing that, in the prior case, the judge had fully advised him of his rights before accepting the plea and appointed more than one attorney to represent him. Defense counsel objected to the former line of questioning but not to the latter. Branscomb testified that he was not disputing that the judge had fully advised him of his rights and provided him with the assistance of counsel, but that, nonetheless, he had pled guilty simply to get out of jail.

1. Branscomb charges the trial judge with violating OCGA § 17-8-57 by questioning him about his prior guilty plea and by questioning Davis about his affidavit. We find no reversible error.

> OCGA § 17-8-57 prohibits a judge in a criminal case from expressing or intimating his or her opinion as to what has or has not been proved or as to the guilt of the accused. *To violate the statute, the comments must focus on a disputed issue of fact.* The purpose of this limitation, in part, is to prevent the jury from being influenced by any disclosure as to the judge's opinion of a witness's credibility. A violation of the statute requires a new trial.[1]

Here, the trial judge's questioning of Branscomb concerned facts that were not disputed by Branscomb. And contrary to Branscomb's argument, no reasonable juror would have interpreted the judge's questions as disparaging Branscomb's character or attacking his general credibility. Consequently, the judge committed no statutory violation with regard to questioning Branscomb.[2] "To the extent [any comments] approached impropriety, the court's curative instructions

---

[1] (Citations and punctuation omitted; emphasis supplied.) *Jordan v. State*, 259 Ga. App. 551, 552-553 (578 SE2d 217) (2003); see *Brown v. State*, 251 Ga. App. 343, 345 (2) (554 SE2d 321) (2001).

[2] See *Hufstetler v. State*, 274 Ga. 343, 344 (2) (553 SE2d 801) (2001); compare *Jones v. State*, 189 Ga. App. 232, 233 (1) (375 SE2d 648) (1988); *Crane v. State*, 164 Ga. App. 638, 640 (1) (298 SE2d 619) (1982).

dispelled any lingering intimations. [Cit.]"[3]

The trial judge's questioning of Davis can only be seen as beneficial to the defense, as the question challenged Davis's recantation of his previous statements exculpating Branscomb. Defense counsel did not object to the question,[4] and the absence of prejudice to the defense explains counsel's failure to object.

2. Branscomb charges his trial attorney with ineffective assistance in failing to object to sending the search warrant affidavit to the jury room during deliberations.

The search warrant (and accompanying affidavit) were admitted over defense counsel's objection that the prosecution had failed to comply with discovery requests. After the jurors began deliberations, they sent a written question to the trial judge about a discrepancy in the state's case created by testimony (that a $100 bill found in Branscomb's apartment matched the serial number of the buy money) and a statement in the search warrant affidavit (that $20 had been given for the drug purchase). Because there was no testimony about the use of $20 as buy money for the cocaine, Branscomb concludes that the jury gleaned this information by examining the search warrant affidavit during deliberations. And because the affidavit contained certain information prejudicial to the defense,[5] Branscomb charges his trial lawyer with ineffective assistance in not raising a continuing witness objection.[6] Because, however, the question posed by the jurors showed that they had focused on a part of the affidavit that revealed a weakness in the state's case, any failure by defense counsel to raise a continuing witness objection could have been strategic and thus did not amount to ineffective assistance of counsel.[7]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 11, 2005.

*James D. Lamb*, for appellant.

---

[3] *Jordan*, supra at 553.

[4] Because defense counsel failed to object, any violation of OCGA § 17-8-57 would not result in a mandatory reversal but rather would require review under the plain error rule. *Paul v. State*, 272 Ga. 845, 848-849 (2), (3) (537 SE2d 58) (2000).

[5] It was noted in the search warrant affidavit that the CI had stated that he had purchased cocaine from Branscomb's apartment on prior occasions and that, on the day of the drug buy from Shirley, the CI initially went to Branscomb's apartment and was instructed by Branscomb to go to Shirley's apartment.

[6] See *Nelson v. State*, 197 Ga. App. 898, 899-900 (2) (399 SE2d 748) (1990).

[7] See, e.g., *Moore v. State*, 278 Ga. 397, 400 (2) (c) (603 SE2d 228) (2004).

*J. Gray Conger, District Attorney, David R. Helmick, Assistant District Attorney*, for appellee.