S89A0303. DUVALL v. THE STATE.
(387 SE2d 880)

HUNT, Justice.

Following a jury trial, Elena Markette Duvall was found guilty of the murder of Calvin Shivers and was sentenced to life imprisonment.[1] She appeals, enumerating as error the trial court's refusal to require the co-defendant to testify, the admission into evidence of the victim's employment status, and the trial court's failure to charge the jury as to evidence of a criminal defendant's good character.

On her way to the victim's apartment, where the murder was

---

[1] The defendant killed the victim on September 23, 1988. The defendant was indicted by the DeKalb County Grand Jury in the September 1988 term, and was convicted on April 13, 1989. Her motion for new trial, filed May 15, 1989, was denied on June 31, 1989. The defendant's notice of appeal was filed in the trial court on May 31, 1989 and the record was docketed in this court on July 21, 1989. The case was submitted for decision without oral argument on September 12, 1989.

committed, the defendant warned a neighbor that she was about to kill the victim. The defendant had threatened to kill the victim, her friend's husband, on several other occasions. The victim died of a five-inch deep wound after the defendant stabbed him with a butcher knife. Although the defendant claimed she stabbed the victim in self-defense when he came after her with a hammer, law enforcement authorities did not find a hammer at the crime scene, nor any other signs of altercation on the defendant's body or in the apartment.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude a rational trier of fact could have found the defendant guilty of the crime of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends the trial court erred by refusing to require Sharon Shivers, the victim's wife, also a co-defendant in the case, to testify. Shivers had been subpoenaed to testify at trial but had invoked her Fifth Amendment right against self-incrimination. The defendant argues that because Shivers had already entered a plea of guilty she had waived her rights under the Fifth Amendment. However, when the defendant requested the court to require Shivers to testify, Shivers' motion to set aside her guilty plea, and motion for a new trial, were pending before the court. Thus, because the potential of Shivers' indictment for the victim's murder still existed, the trial court did not err in allowing her to refuse to testify. *Griffin v. State*, 257 Ga. 148, 149 (4a) (356 SE2d 209) (1987).

3. We find no merit to the defendant's contention that irrelevant testimony that the victim was employed and the name of the victim's employer improperly invoked the sympathy of the jury for the victim against the defendant. *Stevens v. State*, 247 Ga. 698, 703 (6) (278 SE2d 398) (1981).

4. The defendant contends a new trial should be granted because the trial court failed to give her request to charge on good character. OCGA § 24-9-20 (b). The defendant testified at trial as to her own good reputation and good character, thereby placing her character into evidence. On cross-examination, the defendant admitted one shoplifting arrest and denied two other convictions, undisputed evidence of which was later presented by the State. The record is unclear whether the failure to give the defendant's requested charge was intentional or due to oversight.

Because good character is a substantive fact which by itself can generate the reasonable doubt as to a defendant's guilt that can lead to an acquittal, when a defendant requests a charge on good character and there is evidence to support the giving of the charge, the jury must be informed of the role the evidence of the defendant's good character may play in its deliberations. *Shropshire v. State*, 81 Ga.

589 (1) (8 SE 450) (1888). See also *Jones v. State*, 257 Ga. 753, 755 (363 SE2d 529) (1988); *Thornton v. State*, 107 Ga. 683, 688 (33 SE 673) (1899); *Seymour v. State*, 102 Ga. 803, 805 (30 SE 263) (1897). However, where, as here, it is likely that the jury would not have relied upon the defendant's good character to acquit her since the State presented evidence of her prior convictions and since the evidence of the defendant's guilt is overwhelming, it is highly probable that the error did not contribute to the jury verdict. It was harmless and will not require a new trial. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 1990.

William T. Hankins III, for appellant.

Robert E. Wilson, District Attorney, Donald C. English, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin, for appellee.