A92A0015. COX v. THE STATE.
(418 SE2d 133)

POPE, Judge.

Defendant Rochelle Cox appeals her conviction by a jury of theft by shoplifting.

On November 30, 1990, defendant and two other women allegedly shoplifted numerous items of clothing with a value of $174.81 from a Sears Department Store in Valdosta. Defendant was indicted on February 2, 1991, for theft by shoplifting and on February 14, 1991, signed a Waiver of Arraignment and Plea of Not Guilty. On March 5, 1991, defendant filed numerous pretrial motions along with a general demurrer alleging that the indictment failed to describe with the required specificity the property stolen from the store. The State conceded defendant's demurrer, and defendant was re-indicted on the same charges in a more specific indictment filed on May 13, 1991. Defendant signed a second Waiver of Arraignment and Plea of Not Guilty on May 17, 1991, but did not file pretrial motions in the second criminal proceeding.

The trial on the second indictment commenced on July 2, 1991. After a jury was selected, defendant moved to dismiss the second indictment on the ground that a nolle prosequi had not been entered in the first proceeding prior to the re-indictment of defendant and commencement of trial thereon. The State immediately moved to enter a nolle prosequi in the first proceeding, which motion was granted by the trial court. Defendant's motion to dismiss was thereafter denied. After the jury was sworn, the case proceeded to trial. Defendant was convicted of shoplifting and sentenced to four years probation. On appeal, defendant raises as her sole enumeration of error, the trial

court's refusal to dismiss the second indictment.

Defendant first claims that the trial court erred in failing to grant her motion to dismiss because OCGA § 9-2-5 prohibits the State from prosecuting two proceedings for the same offense at the same time. OCGA § 9-2-5, however, is part of the Civil Practice Act and does not apply in criminal proceedings.

Defendant next claims that she was placed in jeopardy more than once for the same offense in violation of the 1983 Constitution of the State of Georgia. "[I]n a criminal proceeding, the pendency of a former indictment for the same offense is no ground for a plea in abatement or in bar, although the accused may have been arraigned thereon and have filed a plea . . . . [W]here several indictments for the same offense are pending against the same person, it is immaterial upon which he is first tried." (Punctuation and citations omitted.) *Hobbs v. State*, 229 Ga. 556, 557 (2) (192 SE2d 903) (1972). Moreover, a nolle prosequi was entered in the first proceeding before the second indictment was submitted to the jury. Thus, this enumeration is without merit. *Bowens v. State*, 157 Ga. App. 334 (277 SE2d 326) (1981).

We reject defendant's last argument that she suffered harm as a result of the prosecuting attorney's failure to enter a nolle prosequi in the first proceeding prior to her re-indictment for the same offense. Defendant alleges she did not begin her defense of the second proceeding, including the filing of pretrial motions, because she was waiting for notification that the first proceeding had been dismissed in accordance with OCGA § 17-8-3. However, the transcript reveals that defendant knew that the State had conceded her general demurrer to the first indictment, knew that she had been re-indicted for shoplifting, knew that pretrial motions in the second proceeding were due by June 4, 1991, and apparently chose not to renew her pretrial motions as part of her defense strategy. Under these circumstances, we find the trial court did not err in denying defendant's motion to dismiss.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 9, 1992.

*Edith M. Edwards*, for appellant.
*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.