## S01A0561. SCOTT v. THE STATE.
### (549 SE2d 338)

FLETCHER, Presiding Justice.

A jury convicted Glen Carroll Scott of malice murder, aggravated assault, and possession of a firearm in connection with the shooting death of Danny O'Neal Ray and the beating of Wendi Scott, the defendant's wife.[1] Scott contends that the trial court erred in its charge on aggravated assault and this erroneous charge means that his murder conviction should be reversed. Because the defendant had adequate notice of the aggravated assault charges, we find no error and affirm his convictions.

1. The evidence presented at trial shows that Scott had placed a recording device under the couple's trailer and was taping his estranged wife's telephone conversations in an attempt to gain custody of their two children. He returned to her home one night to change the tape and remained when he saw his wife inside with Ray, a family friend. Later, as the couple engaged in sexual intercourse, Scott opened the bedroom window to take a photograph, but the lighting and view were too poor. He then unlocked the front door, walked down the hallway to the bedroom, and took a flash photograph of them, flipping on the light switch with his gun. With the camera in his left hand and a Colt .45 pistol in his right hand, he continued taking at least a dozen photographs as Ray and Wendi Scott tried to hide under the sheets and bedspread and as Ray dressed. Scott attempted to pull the covers off his wife and struck her on the side of the head with his pistol. The two men struggled with the gun and Scott shot himself in the leg. Wendi Scott testified that Scott shot

---

[1] The shooting occurred on February 9, 1997. Scott was indicted on October 21, 1997, and reindicted on October 21, 1998. A jury found him guilty and the trial court sentenced him on November 6, 1999. Scott filed a motion for a new trial on November 17, 1999, which was denied on October 17, 2000. Scott filed a notice of appeal on October 20, 2000. The case was docketed on January 3, 2001, and orally argued on March 19, 2001.

Ray once or twice after he had fallen and was lying face down on the bed.

Ray was found in a kneeling position next to the bed with his head and chest resting on the mattress. He had been shot twice in the head, once in the neck, and once in the thumb. He did not have a weapon. Police found four spent shell casings and three bullets; one bullet fell from the victim's face when it was moved and a second bullet was found in a pool of blood under his body. The medical examiner testified that the two bullets found under Ray's body show that he was shot while in that position and did not move after he was shot. The fatal bullet was the one that entered the top of the victim's head and exited beside his nose. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Scott guilty of the crimes charged.[2]

2. In *Harwell v. State*,[3] we held that a defendant's due process rights were violated when the indictment alleged one method of committing an aggravated assault and the trial court instructed the jury on an alternative method without charging the jury to limit its consideration to the manner specified in the indictment. In that case, we reversed the conviction for aggravated assault with intent to rob because there was evidence to support a conviction for aggravated assault with a weapon likely to cause serious bodily injury, a method not alleged in the indictment.

In this case, Scott was indicted for two counts of aggravated assault, the assault of Danny Ray by shooting him with a pistol and the assault of Wendi Scott by striking her on the head with a pistol. The trial court did not quote the statute or pattern charge verbatim, but instead instructed the jury that a person commits the offense of aggravated assault when he or she assaults another person with intent to murder or with any instrument that, when used offensively, is likely to result in serious bodily injury.[4] Thus, unlike the *Harwell* case, the trial court did not instruct the jury on an alternative method of committing aggravated assault that was not alleged in the indictment. Since the indictment gave the defendant notice that he was charged with committing aggravated assault in two ways and the trial court conformed its charge to the evidence presented in the case, we affirm Scott's convictions on both counts of aggravated assault.

---

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] 270 Ga. 765 (512 SE2d 892) (1999).

[4] See OCGA § 16-5-21; see also *Dixon v. State*, 268 Ga. 81, 82 (485 SE2d 480) (1997) (defining aggravated assault as (1) an assault committed on the victim that (2) was aggravated by either (a) an intention to murder, rape, or rob or (b) the use of a deadly weapon).

3. Scott contends that his conviction for murder must be reversed because of the erroneous jury charge on aggravated assault. Unlike the case on which the defendant relies,[5] the jury here found Scott guilty of malice murder and not felony murder. Moreover, the trial court instructed the jury separately on malice murder and felony murder, clearly distinguished between the two types of murder, and further charged the jury that it could find Scott guilty of either malice or felony murder, but not both. Since the language that Scott challenges was part of the felony murder charge and the jury did not find Scott guilty of felony murder, we reject his contention that the aggravated assault charge tainted his conviction for malice murder.[6]

4. On the remaining enumerations, we conclude that the trial court did not err in (1) rejecting the defendant's argument that his reindictment on the same day as the dismissal of the first indictment violated his right to due process,[7] (2) granting the state's motion in limine to exclude evidence that Scott offered to take a polygraph examination,[8] (3) ruling that Scott could not testify about what a friend of Ray's told him concerning a fight between the friend and Ray, (4) excluding from evidence a trial calendar listing the date for the victim's upcoming criminal trial when the defendant was allowed to introduce a certified copy of Ray's indictment for child molestation, (5) charging the jury that killing a spouse or a spouse's lover to prevent the act of adultery, without more, is murder,[9] or (6) denying a new trial based on a juror's failure to disclose her former marriage 20 years earlier to the victim's first cousin.[10]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2001 —
RECONSIDERATION DENIED JULY 16, 2001.

*Kicklighter & Persse, Claude M. Kicklighter, Jr., Robert L. Persse, Hugh J. McCullough,* for appellant.

---

[5] See *Peters v. State,* 261 Ga. 373 (405 SE2d 255) (1991).

[6] See *McKenzie v. State,* 274 Ga. 151 (549 SE2d 337) (2001) (finding moot defendant's claim of error in the underlying felony portion of the felony murder charge since he was convicted of malice murder).

[7] See *Cox v. State,* 203 Ga. App. 869, 870 (418 SE2d 133) (1992) (defendant showed no harm from prosecuting attorney's failure to enter a dismissal in the first proceeding prior to her reindictment for the same offense).

[8] See *Rucker v. State,* 272 Ga. 750 (534 SE2d 71) (2000) (no error in excluding results of a polygraph test taken by a co-defendant without evidence of a stipulation that the results were admissible).

[9] See *Burger v. State,* 238 Ga. 171 (231 SE2d 769) (1977).

[10] See OCGA § 15-12-163 (challenges to juror for cause). Cf. *Croom v. State,* 217 Ga. App. 596, 597 (458 SE2d 679) (1995) (fiancé is not yet related by marriage and therefore not subject to disqualification as next of kin).

*Stephen D. Kelley, District Attorney, Carole E. Wall, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.