S06A0842. KING v. BROWN.
(632 SE2d 638)

MELTON, Justice.

Pamela Bell King, appellant, and Patsy Bell Brown, appellee, are two of the six children of Palmer Rufus Bell (Decedent). In July of 2002, Decedent executed a will in which King and Brown shared equally in the bulk of his estate and were named co-executors. The execution of this will was videotaped. In August of 2002, King and Brown were appointed as Decedent's guardians of the person. Shortly thereafter, King and Brown began quarreling regarding the manner and extent to which Decedent needed care, and, following a fire that destroyed Brown's home in January of 2003, King took over the care of Decedent, who was suffering from dementia. On February 28, 2003, Decedent executed a new will which revoked his 2002 will, bequeathed the bulk of his estate to King, and disinherited Brown. The execution of the 2003 will was also videotaped. After King offered the 2003 will for probate, Brown filed a caveat, contending that the will was invalid on the grounds of either lack of testamentary capacity or undue influence. The matter proceeded to trial, and, after viewing the videotaped execution of both wills, the jury found that the

2003 will was invalid. The general verdict did not indicate whether the jury based its verdict on grounds of testamentary incapacity, undue influence, or both. King then filed a motion for judgment notwithstanding the verdict (j.n.o.v.) and a motion for new trial, both of which the trial court denied. King now appeals.

1. King generally contends that the trial court erred by denying her motion for j.n.o.v., arguing that the subscribing witnesses testified that Decedent was lucid at the time he signed the will. " 'Where there is any evidence upon which the verdict can be based, [however,] the jury is free to disbelieve whatever facts are inconsistent with their conclusion and the court cannot substitute its conclusion for that of the jury and enter a judgment notwithstanding the verdict. . . .' " (Emphasis omitted.) *Williams v. Swint*, 239 Ga. 66-67 (1) (235 SE2d 489) (1977). Here, there was abundant evidence on which the jury could base its verdict. For example, the jury was able to view the videotaped execution of the 2003 will in order to draw its own conclusion regarding the extent of Decedent's lucidity or incapacity at that time. In addition, medical records and testimony from a psychiatrist showed that Decedent had been suffering from dementia and was likely confused at the time the will was signed. Also, testimony from others showed that Decedent suffered from a number of symptoms associated with dementia, including the inability to recognize family members. Therefore, the trial court did not err in denying King's motion for j.n.o.v. Id.

2. King contends that the trial court erred in its charge to the jury in several ways.

(a) First, King argues that the trial court erred by denying her request to charge the jury regarding the weight to be given to the testimony of subscribing witnesses to a will pursuant to language contained in *Dean v. Morsman*, 254 Ga. 169 (1) (327 SE2d 212) (1985). A review of that case, however, shows that King's request to charge was an incomplete statement of the law set forth therein.[1] Therefore, the trial court did not err by denying King's request to charge on this matter. *Langston v. Allen*, 268 Ga. 733 (2) (493 SE2d 401) (1997).

(b) King contends that the trial court erred by instructing the jury that a will may be void if procured through misrepresentation or fraud, arguing that no issue of fraud or misrepresentation was raised by any evidence. There was testimony, however, that King knew that, at a previous time, Decedent had largely disinherited one of his daughters other than King or Brown after accusations had been made

---

[1] King's request failed to include the pivotal holding that, where it is shown that a testator suffers from incapacity prior to the execution of a will and the incapacity continues after the execution, such a showing of incapacity controverts contrary positive evidence of subscribing witnesses and creates an issue of fact for the jury to decide.

that she was stealing money from him. In addition, evidence revealed that King may have subsequently told Decedent that Brown had been stealing money from him. Brown denied this claim. In conjunction with other direct testimony that King believed that Brown had abandoned Decedent and had been vocal about these beliefs, the evidence could support an inference that King made misrepresentations to Decedent regarding Brown's behavior in an attempt to procure a new will based on these misrepresentations. Therefore, as some evidence supported the trial court's charge, it was properly given. *Rhodes v. State*, 271 Ga. 481 (3) (521 SE2d 579) (1999).

(c) King argues that the trial court erroneously charged the jury regarding undue influence and confidential relationships, apparently contending that there was no evidence to support such a charge. The evidence showed that, at the time that the February 2003 will was executed, King, as Decedent's daughter and guardian, managed Decedent's care, and he was dependent on her. In addition, Decedent was suffering from dementia and related maladies, resulting in a weakened mental state. After King took over Decedent's care, Decedent altered his will by disinheriting Brown, with whom King had been quarreling. Given this evidence, the trial court did not err by charging the jury regarding undue influence. Id. See also *Smith v. Smith*, 75 Ga. 477 (1886).

(d) King contends that the trial court erred by refusing her request to charge the jury that, without more, the mere fact that King had transported Decedent to the attorney's office to sign the will is not evidence of undue influence. Jury instructions must be considered as a whole to determine whether the charge was erroneous. *Sullivan v. Sullivan*, 273 Ga. 130 (2) (539 SE2d 120) (2000). A review of the charge as a whole shows that the trial court thoroughly instructed the jury that it was required to consider all of the facts and circumstances surrounding the execution of the will to determine whether undue influence was exerted. As such, the instructions on undue influence, as given, were proper. Id.

3. Finally, King maintains that the trial court erred by denying her motion for new trial. Because this motion relies on the grounds already considered above, the trial court did not err.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 2006.

*Albert B. Wallace, Stephen B. Wallace II*, for appellant.

*Joseph R. Baker, Driebe & Driebe, Charles J. Driebe, Keith C. Martin, Howard P. Wallace,* for appellee.