## A09A1407. HOBBS v. THE STATE.

(682 SE2d 697)

MIKELL, Judge.

Following a jury trial in October 2005, James Odell Hobbs was found guilty of rape (OCGA § 16-6-1) (Count 1); aggravated child molestation (OCGA § 16-6-4 (c)) (Count 2); aggravated sexual battery (OCGA § 16-6-22.2 (b)) (Count 3); child molestation (OCGA § 16-6-4 (a)) (Counts 4 and 5); and cruelty to children (OCGA § 16-5-70) (Count 6), based on sexual acts directed at A. H., his daughter. Hobbs was sentenced to serve 20 years in confinement on each of Counts 1 through 5, with the sentences to run concurrently; Count 6 was merged into the other counts. After the denial of his amended motion for new trial, Hobbs appeals, challenging the sufficiency of the evidence as to Count 4 and asserting error in the trial court's instructions to the jury. Because the trial court's charge to the jury on evidence of good character was error, and this error was not harmless, we reverse.

On appellate review of a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or judge the credibility of witnesses, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offenses charged beyond a reasonable doubt.[2]

So viewed, the record reflects that Hobbs's daughter, A. H., testified at trial that Hobbs had molested her on many occasions beginning when she was six years old and continuing until she disclosed the abuse to an adult acquaintance on March 5, 2005. A. H. testified that her father touched her chest and her vagina with his fingers and pressed his "private" against her; that he licked her vagina; that he put his fingers inside her vagina, causing her pain; that he put his sex organ "in her face"; and that he attempted to place his penis in her vagina and was able to penetrate partway inside of her. A. H., who was born on March 6, 1988, testified that the abuse took place at various times, including before February 2003 (when her parents separated for the first time); "close to every night" after Hobbs moved back into the basement of her mother's home in March 2003; and during the period from July 2003 to December 2005, while she was living in the trailer occupied by Hobbs. A. H. testified to a small mark she had observed on Hobbs's scrotum, which she identified from photographs at trial. A. H. further testified that she did not reveal the ongoing abuse to anyone

---

[1] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

[2] Id., citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

until she disclosed it to her boyfriend and an adult acquaintance in March 2005. After this disclosure, A. H. was examined by a doctor, who testified at trial that the examination revealed no signs of abuse; but that a normal exam result was to be expected because the last reported abuse occurred two weeks before the examination, so the hymen would have had time to heal.

1. In his third enumeration of error, Hobbs challenges the sufficiency of the evidence supporting his conviction for child molestation under Count 4 of the indictment. He contends that the evidence failed to show that he "did place his penis on the mouth of [A. H.]," as alleged in the indictment; and that the evidence failed to show that such an act occurred within the necessary time period, that is, from May 11, 2001 (four years prior to the indictment),[3] to March 5, 2004 (the day before A. H. turned 16).

On direct examination, A. H. was asked about events preceding Hobbs's first separation from her mother, which occurred in February 2003, when A. H. was 14. She subsequently testified that Hobbs asked her to place her mouth on his penis, but she refused; and that when he asked her, she could see his sex organ. When counsel for the state asked, "And how close would [Hobbs's sex organ] be to your face?" she responded, "It'd be in my face."

Under OCGA § 16-6-4 (a), "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Whether Hobbs's conduct in putting his penis "in [A. H.'s] face" was an immoral or indecent act performed with the intent to arouse or satisfy Hobbs's sexual desires was a question for the jury.[4] A. H.'s testimony authorized the jury to find that Hobbs committed child molestation and that this occurred in the required time frame.[5] Further, "the allegations and the proof in the case at bar substantially corresponded, such that it cannot be said that [Hobbs] was misled or prejudiced";[6] therefore, there was no fatal variance between the allegations of Count 4 of the indictment and the proof at

---

[3] The trial court limited the jury's consideration of evidence in the case on all counts to four years prior to the date of the indictment, which was filed May 11, 2005.

[4] See *Lester v. State*, 278 Ga. App. 247, 251 (3) (628 SE2d 674) (2006).

[5] See id. (evidence that defendant's penis brushed victim's mouth for an instant was sufficient to support conviction under OCGA § 16-6-4 (a)).

[6] *Winter v. State*, 171 Ga. App. 511, 512 (1) (320 SE2d 233) (1984) (no fatal variance between indictment alleging that defendant placed his finger "into" victim's vagina and evidence that defendant put his hand in victim's underwear, "just moving it around") (id. at 511 (1)). Accord *Turner v. State*, 231 Ga. App. 747, 748 (1) (500 SE2d 628) (1998) (evidence showing contact between defendant's penis and minor victim's mouth was sufficient for conviction where indictment alleged that defendant placed his penis in victim's mouth).

trial. "If the indictment correctly states whose sex organ and whose mouth are involved in the sodomy, there will generally be no fatal variance."[7] This enumeration of error is without merit.

The evidence adduced at trial sufficed to enable a rational trier of fact to find Hobbs guilty of the crimes charged beyond a reasonable doubt.[8]

2. At trial, two witnesses testified as to Hobbs's good character based on his reputation in the community. Hobbs subsequently made a timely written request to give the pattern jury charge on the good character of the defendant.[9] Although the judge agreed to give Hobbs's requested charge on good character, the judge instead instructed the jury as follows, without giving prior notice to counsel: "Now, members of the jury, by law, good character of the accused must be proved by evidence of the accused's reputation. When evidence of good character is admitted, you may consider it in determining whether or not you have a reasonable doubt about the guilt of the accused." After the charges were given, Hobbs's counsel reserved the right to challenge the jury charges on motion for new trial.

Hobbs contends that the charge as given constituted reversible error.[10] We agree. The charge was erroneous for two reasons. First, it stated that the jury "may" consider evidence of good character; it failed to inform the jury that "[t]he good character of an accused person is a substantive fact, and evidence of such good character *should be* weighed and considered by the jury in connection with all the other evidence in the case."[11] Second, the charge as given failed

---

[7] *Turner*, supra.

[8] See *Collins v. State*, 269 Ga. App. 381-382 (1) (a) (604 SE2d 240) (2004).

[9] The correct charge is as follows:

When evidence of the good character of the defendant is offered, the jury has the duty to consider that testimony, along with all of the other evidence in the case, in determining the guilt or innocence of the defendant. Good character is a positive, substantive fact and may be sufficient to produce in the minds of a jury a reasonable doubt about the guilt of the defendant. You have the duty to consider any evidence of general good character along with all of the other evidence in the case, and, if in doing so, you should entertain a reasonable doubt about the guilt of the defendant, it would be your duty to acquit. However, if you should believe that the defendant is guilty beyond a reasonable doubt, you would be authorized to convict, despite the evidence about general good character.

Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 3.35.10.

[10] By reserving objection to the jury charges after they were given, Hobbs has preserved his challenge to this charge for appellate review. *Gaither v. State*, 234 Ga. 465, 466 (2) (216 SE2d 324) (1975). See OCGA § 5-5-24 (a). We note that Hobbs's trial took place in October 2005, before the effective date of OCGA § 17-8-58. See *Metz v. State*, 284 Ga. 614, 619-620 (5) (669 SE2d 121) (2008).

[11] (Citation omitted; emphasis supplied.) *Braddy v. State*, 172 Ga. App. 386, 389 (2) (323 SE2d 219) (1984) (whole court) (denial of defendant's written request to charge on good

to instruct the jury that "good character in and of itself may be sufficient to create a reasonable doubt as to the guilt of the accused."[12]

We proceed to test the error for prejudice using the "highly probable" test of *Johnson v. State*.[13] The state's case was based on A. H.'s testimony. By her own admission, A. H. had not reported this abuse to anyone for over ten years, and she had voluntarily moved in with Hobbs in 2003.

Hobbs took the stand in his own defense and denied the charges. A. H. identified a scar on Hobbs's genital area, but Hobbs testified that she could have seen it one day when he fell asleep on his couch in the nude and she returned unexpectedly. Tracy Hobbs, Hobbs's former wife and A. H.'s mother, testified that she was unaware of any abuse; that she was a light sleeper; and that A. H. never expressed reservations and did not seem "nervous or scared" about visiting or moving in with her father. A. H.'s younger sister, E. H., also testified on behalf of Hobbs. E. H. testified that she shared a bedroom with A. H. while they were both living at their mother's house; that she never saw Hobbs touch A. H. inappropriately; and that she never heard Hobbs make any inappropriate remarks.

The facts in this case are comparable to those in *Booth v. State*:[14] Hobbs's sole defense was that he could not have done these acts because he was a man of good character; he testified under oath that he did not commit these crimes; he introduced the favorable testimony of A. H.'s mother and sister; and he introduced relevant testimony of his good character.[15] Viewing the charge as a whole, the evidence presented to the jury, and the importance of the character evidence to Hobbs's defense, we are unable to say that it is highly probable that the error in the character evidence charge did not contribute to the verdict. We conclude that the charge constituted prejudicial error, and that the trial court erred in denying Hobbs's motion for a new trial.

3. We do not address Hobbs's remaining enumerations of error, as they do not raise issues which are likely to recur at a new trial.

---

character was reversible error), aff'd, *State v. Braddy*, 254 Ga. 366 (330 SE2d 338) (1985). Compare *Burgos v. State*, 233 Ga. App. 897, 901 (2) (505 SE2d 543) (1998) (failure to charge on good character not reversible error where issue of character did not play a significant role during trial and evidence against defendant was overwhelming).

[12] *Nunnally v. State*, 235 Ga. 693, 704-705 (8) (221 SE2d 547) (1975). Accord *Braddy*, supra at 390 (2) ("good character standing alone may be sufficient to warrant an acquittal").

[13] 238 Ga. 59, 61-62 (230 SE2d 869) (1976) (reversal required where appellate court could not say "it is highly probable that the error did not contribute to the jury's verdict").

[14] 186 Ga. App. 342 (367 SE2d 77) (1988) (whole court).

[15] See id. at 344 (2) (defective jury charge on good character was prejudicial error where defendant's sole defense was based on evidence of his good character).

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 30, 2009 —
RECONSIDERATION DENIED AUGUST 5, 2009 

*Thomas J. Bowers III, Donald R. Roch II*, for appellant.
*Garry T. Moss, District Attorney, Wallace W. Rogers, Sara A. Thompson, Assistant District Attorneys*, for appellee.