## S09G2078. THE STATE v. HOBBS.

(705 SE2d 147)

BENHAM, Justice.

In October 2005, appellee James Odell Hobbs was tried and convicted of crimes related to the sexual abuse of his daughter. During the trial, two witnesses testified as to appellee's good character in the community and so appellee timely requested the pattern jury charge on good character as promulgated by the Council of Superior Court Judges.[1] The trial court gave a charge on good character, but not the pattern charge requested by appellee. The Court of Appeals found that the charge given was deficient and constituted reversible error. *Hobbs v. State*, 299 Ga. App. 521 (2) (682 SE2d 697) (2009). We granted certiorari to determine whether the Court of Appeals correctly decided the issue.

The trial court gave the following charge on good character: "Now, members of the jury, by law, good character of the accused must be proved by evidence of the accused's reputation. When evidence of good character is admitted, you may consider it in determining whether or not you have a reasonable doubt about the

---

[1] The pattern charge provides as follows:

When evidence of the good character of the defendant is offered, the jury has the duty to consider that testimony, along with all of the other evidence in the case, in determining the guilt or innocence of the defendant. Good character is a positive, substantive fact and may be sufficient to produce in the minds of a jury a reasonable doubt about the guilt of the defendant. You have the duty to consider any evidence of general good character along with all of the other evidence in the case, and, if in doing so, you should entertain a reasonable doubt about the guilt of the defendant, it would be your duty to acquit. However, if you should believe that the defendant is guilty beyond a reasonable doubt, you would be authorized to convict, despite the evidence about general good character.

Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 3.35.10.

guilt of the accused." The Court of Appeals found this charge to be reversible error because

> it stated that the jury "*may*"[2] consider evidence of good character[,] it failed to inform the jury that "[t]he good character of an accused person is a substantive fact, and evidence of such good character *should be*[3] weighed and considered by the jury in connection with all the other evidence in the case,"

and it "failed to instruct the jury that 'good character in and of itself may be sufficient to create a reasonable doubt as to the guilt of the accused.' " *Hobbs v. State*, supra, 299 Ga. App. 521 (2). For the reasons below, we affirm.

"Good character is a substantive fact at trial, and can by itself create a reasonable doubt as to a defendant's guilt and lead to an acquittal." *Sapp v. State*, 271 Ga. 446, 449 (3) (520 SE2d 462) (1990) (citing to *Duvall v. State*, 259 Ga. 801, 802 (387 SE2d 880) (1999)). Whenever a defendant's good character is introduced at trial and the defendant timely requests a charge on good character, the trial court must instruct the jury that it "may consider good character evidence in its deliberations." *Sapp*, supra, 271 Ga. 446 (3). Thus, the trial court's use of the word "may" is not erroneous. However, when instructing on good character, the trial court is expected to tell the jury that good character is a substantive fact which may create reasonable doubt leading to an acquittal. Id. See also *Kettman v. State*, 257 Ga. 603 (6) (362 SE2d 342) (1987) (a charge that stated that good character was evidence of a positive fact and may itself create reasonable doubt producing an acquittal was proper); *Nunnally v. State*, 235 Ga. 693 (8) (221 SE2d 547) (1975) (charge was proper where it "clearly instructed [the jury] that good character in and of itself may be sufficient to create a reasonable doubt as to the guilt of the accused"); *Phillips v. State*, 171 Ga. App. 827, 829 (321 SE2d 393) (1984) (Benham, J., concurring specially). The trial court may also instruct that, notwithstanding evidence of good character, a jury may still convict if there is evidence beyond a reasonable doubt of the defendant's guilt. *Morrow v. State*, 166 Ga. App. 883 (3) (305 SE2d 626) (1983).

While it was not necessary for the trial court to give the pattern jury charge verbatim[4] as requested, the charge given in this case was insufficient because it failed to explain the role such evidence would

---

[2] (Emphasis supplied.)

[3] (Emphasis in original.)

[4] "There is no requirement that only verbatim pattern charges are permissible." *Bailey*

play in the jury's deliberations. *Duvall v. State*, supra, 259 Ga. at 802. Although the charge mentioned that good character evidence could be used to determine "whether or not [the jury has] reasonable doubt about the accused," the charge failed to (1) explain how good character was a positive and/or substantive fact and to (2) explain how good character evidence could generate reasonable doubt sufficient to acquit. The trial court should have given a charge that incorporated the minimal elements of the pattern jury charge. See n. 1, supra. Specifically, a proper good character charge should effectively advise the jury that it has a duty to consider good character evidence along with any other evidence in the case; that good character is a positive and/or substantive fact; that good character evidence may generate a reasonable doubt sufficient to acquit; and that a conviction is warranted if the jury believes beyond a reasonable doubt that the defendant is guilty. Since the jury charge in question did not include these minimal elements, it was improper.

The error was prejudicial and warranted a new trial for the reasons set forth by the Court of Appeals. *Hobbs v. State*, supra, 299 Ga. App. 521, 524 (2). Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur, except Thompson, Melton, and Nahmias, JJ., who dissent.*

MELTON, Justice, dissenting.

As the majority correctly concedes, consistent with this Court's decision in *Sapp v. State*, 271 Ga. 446, 449 (3) (520 SE2d 462) (1999), the Court of Appeals erred in concluding that the use of the word "may" in the trial court's charge on good character was erroneous. However, the majority then inexplicably and incorrectly goes on to conclude that the absence of language in the charge informing the jury that good character is a "substantive fact," which is not required by this Court's holding in *Sapp*, somehow constituted reversible error. Because the majority is creating new law by adding wholly unnecessary requirements to perfectly appropriate good character charges under *Sapp*, and because this Court's decision in *Sapp* actually compels this Court to reach the exact opposite conclusion than that which was reached by the majority and the Court of Appeals in this case, I must dissent.

By way of background, in June 2009, James Odell Hobbs was found guilty of rape, aggravated child molestation, aggravated sexual battery, child molestation, and cruelty to children. The victim was

*v. Edmundson*, 280 Ga. 528 (7) (630 SE2d 396) (2006) (citing *Scott v. State*, 274 Ga. 153, 154 (2) (549 SE2d 338) (2001)).

his daughter. At trial, Hobbs requested a pattern charge on good character evidence. The relevant part of the pattern charge provides that

> [w]hen evidence of the good character of the defendant is offered, the jury has the duty to consider that testimony, along with all the other evidence in the case, in determining the guilt or innocence of the defendant. Good character is a positive substantive fact and may be sufficient to produce in the minds of the jury a reasonable doubt about the guilt of the defendant.

Instead of giving the pattern charge, however, the trial judge gave a charge that stated:

> Now, members of the jury, by law, good character of the accused must be proved by evidence of the accused's reputation. When evidence of good character is admitted, you may consider it in determining whether or not you have a reasonable doubt about the guilt of the accused.

The trial court reasoned that the pattern charge was improperly argumentative and an improper particularization of circumstantial evidence.

Hobbs filed a motion for a new trial challenging the trial court's charge on good character, and this motion was denied. Hobbs then appealed the decision to the Court of Appeals. The Court of Appeals reversed Hobbs' conviction, holding that the trial court's charge on good character was erroneous because (1) by stating that the jury "may" consider evidence of good character, the charge failed to inform the jury that good character was a substantive fact that "should" be weighed and considered in connection with the other evidence in the case; and (2) the charge failed to instruct the jury that good character in and of itself may be sufficient to create reasonable doubt. *Hobbs v. State*, 299 Ga. App. 521 (2) (682 SE2d 697) (2009). The Court of Appeals also held that the error was not harmless in light of the evidence. Id. Despite failing to explain how an allegedly erroneous charge on good character would have constituted harmful error here, and despite disagreeing with the Court of Appeals that the use of the word "may" in the trial court's charge was erroneous, the majority would nevertheless affirm the judgment of the Court of Appeals. As explained more fully below, however, the Court of Appeals completely ignored, and the majority has completely misread, this Court's decision in *Sapp*, supra, a case that compels the result that the charge given by the trial court on good

character here was proper. Accordingly, I cannot agree with the conclusion reached by the majority, and I would reverse the decision of the Court of Appeals.

As this Court made clear in *Sapp*, supra, 271 Ga. at 449:

> Good character is a substantive fact at trial, and can by itself create a reasonable doubt as to a defendant's guilt and lead to an acquittal. Therefore, whenever there is evidence to support a charge on good character, and a defendant requests that such a charge be given, the jury must be instructed that it may consider good character evidence in its deliberations.

The trial court followed the requirements for a proper charge on good character as outlined in *Sapp*. *Because* good character is a substantive fact that can create a reasonable doubt, where, as here, evidence of good character has been introduced and the defendant has requested a charge on good character, "the jury must be instructed that it may consider good character evidence in its deliberations." Id. The instruction itself need not state that "good character is a substantive fact." The point here is not that the words "good character is a substantive fact" must be used in the charge, but that, because good character is a substantive fact, "the jury must be instructed that it may consider" it in determining whether or not it has a reasonable doubt about the guilt of the accused. Id. That is exactly what the trial court did here. The instruction given by the trial court here properly informed the jury that, "[w]hen evidence of good character is admitted, [the jury] may consider it in determining whether or not [the jury has] a reasonable doubt about the guilt of the accused." That is all that is required by *Sapp*, and the Court of Appeals erred by ignoring *Sapp* in reaching the opposite conclusion.

Although the majority concedes that the use of the word "may" in the trial court's charge was appropriate, Hobbs and the Court of Appeals make much of the fact that the word "may" was used in the trial court's charge as opposed to the word "should." As such, a more detailed explanation as to why the use of the word "may" was appropriate is warranted here. Hobbs and the Court of Appeals contend that the use of the word "may" could have impermissibly led the jury to believe that it did not have to consider the good character evidence at all in reaching its decision. However, both Hobbs and the Court of Appeals are incorrect. First, the charge tracks the legal requirements as stated in *Sapp*. On its face, neither *Sapp* nor any other decision requires anything more. Second, reading the charge given here in context, it becomes clear that the trial court, like this Court in *Sapp*, was not stating that a jury does not

have to consider good character evidence, but was merely stating *when* it is appropriate for a jury to consider such evidence in determining whether or not a reasonable doubt exists as to the guilt or innocence of the accused. The first sentence of the trial court's charge reads: "Now, members of the jury, by law, good character of the accused must be proved by evidence of the accused's reputation." Thus, this first sentence instructs the jury that it *must consider* whether the good character of the defendant has been shown by the evidence. The next sentence of the instruction reads: "When evidence of good character is admitted, you may consider it in determining whether or not you have a reasonable doubt about the guilt of the accused." Accordingly, once the jury has been convinced that the evidence shows the defendant's good character, the jury "may [then] consider [the weight to give to the evidence] in determining whether or not [the jury has] a reasonable doubt about the guilt of the accused." The use of the word "may" in this context in no way implies that the jury need not consider the evidence placed before them. To the contrary, the jury is being properly instructed that, after considering whether they have been convinced that the defendant's good character has been shown, the jury may then decide what weight, if any, to give to that evidence with regard to the guilt or innocence of the accused. Indeed, the weight that should be given to good character evidence, like all other testimony tending to show the guilt or innocence of the accused in the case, is left to the sound discretion of the jury. See, e.g., *Cox v. State*, 279 Ga. 223, 224 (2) (610 SE2d 521) (2005) ("The credibility of the witnesses and the weight to be given to their testimony are matters for the jury").[5]

This analysis also explains why, contrary to the majority's conclusion, the trial court did not need to include language in its charge explaining that good character was a substantive fact that "in and of itself may be sufficient to create a reasonable doubt as to the guilt of the accused." *Hobbs*, supra, 299 Ga. App. at 524 (2). See also Maj. Op. at 552. As a preliminary matter, as explained above, neither *Sapp* nor any other decision requires that such language be included in a charge on good character. Furthermore, the charge that was actually given here made clear that evidence of good character, in and of itself, could be sufficient to create a reasonable doubt about the guilt of the accused in the minds of the jurors. Again, the second sentence of the charge given by the trial court stated: "When

---

[5] In this regard, the jury was specifically instructed that it was required to decide the case based upon its careful consideration of all of the evidence. Considering the charge as a whole, as we must (see *King v. Brown*, 280 Ga. 747 (2) (d) (632 SE2d 638) (2006)), it is not reasonably likely that the jury would have been confused into believing that it did *not* have to consider good character evidence during its deliberations.

evidence of good character is admitted, *you may consider [the evidence of good character] in determining whether or not you have a reasonable doubt about the guilt of the accused.*" (Emphasis supplied.) Obviously, the jury was specifically informed about the substantive nature of good character evidence by this instruction. Indeed, the charge accurately stated to the jury that the evidence of good character could be properly considered "in determining whether or not [the jury had] a reasonable doubt about the guilt of the accused." There is no way that a jury could somehow be led to believe that the evidence presented to them is not "substantive" when they have been specifically instructed that the evidence may be considered to create a reasonable doubt about the guilt of the accused. No additional language needed to be given in the charge to make this point because the point had already been made obvious. The majority's insistence that additional and unnecessary language should have been included in the trial court's perfectly acceptable good character charge here shows the majority's fundamental misunderstanding of this Court's holding in *Sapp* and creates new law with no basis for doing so. Indeed, " '[a] trial court's refusal to give a jury charge in the exact language requested by a defendant is not error if the charge given by the trial court substantially covers the applicable principles of law.' [Cit.]" *Stewart v. State*, 286 Ga. 669, 673 (6) (690 SE2d 811) (2010). The charge given by the trial court here covered all of the requirements for a good character charge as contemplated by *Sapp*, and neither the language requested by Hobbs nor the language insisted upon by the majority was necessary for the charge given here to be legally acceptable.[6]

By ignoring the requirements of *Sapp*, and by insisting that the pattern charge requested here should have been given instead of the perfectly acceptable charge given by the trial court, the Court of Appeals has improperly elevated a pattern charge over the actual requirements of the law. Compare *Hobbs*, supra, 299 Ga. App. 523-524 (2) with *Sapp*, supra, 271 Ga. at 449 (3). While this Court need not address whether or not the pattern charge on good character requested here was proper, this Court should remind the

---

[6] Furthermore, even if the failure to include in the charge the insisted upon language of the majority somehow constituted error (which, again, it does not), it is not *reversible* error. Again, reading the charge as a whole, it is not reasonably likely that the jury would have been confused into believing that good character was *not* a substantive fact that could create a reasonable doubt when it was specifically instructed that good character evidence could be properly considered to create a reasonable doubt, and when the jury had also been specifically instructed that it was required to decide the case based upon its careful consideration of *all* of the evidence. Without a showing that the alleged error resulting from the trial court's charge on good character was harmful, the majority has no basis for concluding that the decision of the Court of Appeals should be affirmed. See, e.g., *Stewart*, supra, 286 Ga. at 674 (6).

bench and bar that, although pattern charges are often proper and useful, "[t]here is no requirement that only verbatim pattern charges are permissible." (Citations omitted.) *Bailey v. Edmundson*, 280 Ga. 528, 534 (7) (630 SE2d 396) (2006). See also, e.g., *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005) (finding harmful error from use of "level of certainty" portion of pattern jury instruction on reliability of eyewitness identification). Also, by misreading this Court's decision in *Sapp* and affirming the judgment of the Court of Appeals, the majority has only compounded the error of the Court of Appeals and struck down a completely acceptable charge on good character by creating new law that is logically inconsistent with this Court's prior precedent. Here, the charge given by the trial court on good character was proper, and the Court of Appeals and the majority have erred in concluding otherwise. I would therefore reverse the decision of the Court of Appeals, and I must dissent from the majority opinion.

I am authorized to state that Justice Thompson and Justice Nahmias join in this dissent.

DECIDED NOVEMBER 22, 2010 —
RECONSIDERATIONS DENIED JANUARY 10, 2011 AND FEBRUARY 28, 2011.

*Garry T. Moss, District Attorney, Wallace W. Rogers, Jr., Cliff Head, Assistant District Attorneys*, for appellant.

*Bowers & Roch, Thomas J. Bowers III, Donald R. Roch II*, for appellee.

*Hogue & Hogue, Laura D. Hogue, James C. Bonner, Jr., Carl P. Greenberg, William A. Bonner III*, amici curiae.