306 Ga. 482
FINAL COPY

S19A0868.  CHAPMAN v. THE STATE.

ELLINGTON, Justice.

Lawrence Chapman ("Appellant") was convicted of malice murder, aggravated battery, and other crimes in connection with the June 25, 2015 shooting of Rosalyn Chapman and Odetta Hampton.[1] He contends that his convictions should be reversed because the trial court plainly erred in providing an incomplete instruction on how the jury was to consider evidence of his good character. For the

---

[1] The crimes occurred on June 25, 2015. On September 23, 2015, a Chatham County grand jury indicted Appellant for malice murder, felony murder, criminal attempt to commit murder, two counts of aggravated assault, aggravated battery, and four counts of possession of a firearm during the commission of a felony. On July 8, 2016, the jury found Appellant guilty of all charges, except felony murder. The court sentenced Appellant to serve life without parole for malice murder (Chapman), 20 years imprisonment for aggravated battery (Hampton), 20 years' imprisonment for aggravated assault (Hampton), and two five-year prison sentences for possession of a firearm during the commission of a felony, one predicated on the murder of Chapman and the other predicated on the aggravated battery of Hampton. The remaining counts merged. Chapman filed a motion for new trial on August 17, 2016, which was amended by new counsel on January 30, 2018. On July 25, 2018, the trial court denied the motion. Chapman filed a timely notice of appeal, and his case was docketed in this Court for the April 2019 term and submitted for decision on the briefs.

following reasons, we affirm.

Viewed in the light most favorable to the verdicts, the evidence at trial showed the following. On June 25, 2015, Chapman and Hampton were with Appellant in his home, drinking beer and smoking crack cocaine. According to Hampton, at some point during the night, Appellant tried to grope Chapman's breast. When Chapman resisted, he produced a handgun and fired it at her several times as she fled the room. When Hampton implored Appellant to stop, he shot her. Appellant stood over Hampton, cursing, and said: "I told you I didn't want to do this." And then he assaulted Hampton by striking her in the head with the gun. Appellant put the gun in a drawer and started cleaning up. Hampton repeatedly begged Appellant for help. Eventually, her pleas "seemed to have snapped him out" of his rage, and he called the police.

When the police arrived, they encountered Appellant outside his residence. They discovered Chapman inside, lying dead on the floor near the bedroom. The police found Hampton on the bedroom floor, bleeding from her injuries. When the police asked her if she

2

knew who had shot them, she looked at Appellant and said: "He did." When asked what precipitated the shooting, Hampton said: "Crack." The police recovered Appellant's handgun, which contained four spent shell casings.

Hampton testified that her gunshot wounds left her with permanent neurological injury. The medical examiner testified that Chapman died from multiple gunshot wounds that shattered her spine and severely damaged her spinal cord, fatally impairing her ability to breathe.

Appellant testified that, on the night of the shooting, Chapman became enraged and attacked him because she thought he had taken her crack cocaine. Appellant believed that a third, unknown person was with the women. He contended that, during the attack, the lights went out and he fired his weapon in self-defense in the general direction of the "perceived threat" and that he only struck the women by accident. He testified that he could not imagine himself intentionally hurting either woman. In support of his defense, he offered evidence of his character trait for peacefulness.

1. Appellant does not dispute the legal sufficiency of the evidence supporting his convictions. Nevertheless, as is this Court's practice in murder cases, we have reviewed the record and conclude that, when viewed in the light most favorable to the verdicts, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). See also *Vega v. State*, 285 Ga. 32, 33 (1) (673 SE2d 223) (2009) ("It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence." (citation and punctuation omitted)).

2. Appellant argues that the trial court erred in failing to inform the jury sua sponte that, in Georgia, "[g]ood character is a substantive fact at trial, and can by itself create a reasonable doubt as to a defendant's guilt and lead to an acquittal." *Sapp v. State*, 271 Ga. 446, 449 (3) (520 SE2d 462) (1999). See also *State v. Hobbs*, 288 Ga. 551, 552 (705 SE2d 147) (2010) ("[W]hen instructing on good

character, the trial court is expected to tell the jury that good character is a substantive fact which may create reasonable doubt leading to an acquittal." (citations omitted)). Absent an instruction using this specific language from our case law, Appellant contends, the instruction is incomplete and constitutes plain error.

OCGA § 17-8-58 (b) permits limited review for plain error when a defendant fails to object to jury instructions. Plain error review has a four-part analysis:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Satisfying all four prongs of this standard is difficult, as it should be.

(Citations and punctuation omitted.) *Walker v. State*, 301 Ga. 482, 485 (2) (801 SE2d 804) (2017). In this case, however, even if the

5

charge had been so inadequate that giving it constituted clear error, reversal is not required because the error was invited by Appellant's counsel.

The record shows that Appellant's counsel requested in writing that the pattern jury instruction concerning a defendant's good character and character trait for peacefulness be given. During the charge conference, the court reviewed the written request to charge and asked defense counsel whether the charge contained "the character trait and the wording" she wanted, and counsel responded in the affirmative. Further, she voiced no objection to the final charge. The trial transcript shows that the court gave the requested charge verbatim:

> Now, ladies and gentlemen, you have heard evidence of the character of the Defendant for a particular trait, more specifically his character for peacefulness, in an effort to show that the Defendant likely acted in keeping with such character or trait at pertinent times or with reference to issues in this case. This evidence has been offered in the form of opinion of other witnesses and reputation. You should consider any such evidence along with all the other evidence in deciding whether or not you have a reasonable doubt about the guilt of the Defendant.
> Good character, ladies and gentlemen, is not just a

witness credibility issue, nor is it an excuse for crime. However, you may consider it as weighing on the issue of whether or not the Defendant is guilty of the charges in the indictment.

Given these circumstances, this claim of error has been waived. See *Brown v. State*, 298 Ga. 880, 882 (3) (785 SE2d 512) (2016) ("Based on this record, even if the charge were erroneous, [the defendant] invited that error. As such, any contention of plain error by [the defendant] has been effectively waived for review." (citations omitted)).

*Judgment affirmed. All the Justices concur.*

DECIDED AUGUST 5, 2019.

Murder. Chatham Superior Court. Before Judge Freesemann.

*Robert L. Persse*, for appellant.

*Meg E. Heap, District Attorney, Bradley R. Thompson, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth H. Brock, Assistant Attorney General*, for appellee.